1   JARED BOBROW (Bar No. 133712)
    *jared.bobrow@weil.com*
2   BYRON BEEBE (Bar. No. 235179)
    *byron.beebe@weil.com*
3   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
4   Redwood Shores, CA  94065
    Telephone: (650) 802-3000
5   Facsimile: (650) 802-3100

6   Attorneys for Plaintiff
    CES GROUP, LLC
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  CES GROUP, LLC,                          Case No.:

13              Plaintiff,

                                             **COMPLAINT FOR PATENT
14      v.                                   INFRINGEMENT**

15  ENERGY LABS INC. and DMG                 **JURY TRIAL DEMANDED**
    CORPORATION,
16

                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**

1    Plaintiff CES Group LLC ("CES"), for its complaint against Defendants Energy Labs Inc.

2  ("Energy Labs") and DMG Corporation ("DMG") (collectively, "Defendants"), alleges as

3  follows:

4              **NATURE OF THE ACTION AND PARTIES**

5    1.    This is an action for patent infringement arising under the patent laws of the

6  United States, Title 35 of the United States Code.

7    2.    CES is a limited liability company organized and existing under the laws of

8  Delaware, with its headquarters and principal place of business at 13200 Pioneer Trail, Suite 150,

9  Eden Prairie, Minnesota 55347-4125.   CES offers custom heating, ventilation, and air

10  conditioning ("HVAC") products in North America for commercial, industrial, and institutional

11  indoor environments.

12    3.    Upon information and belief, Defendant Energy Labs is a corporation organized

13  and existing under the laws of California, with its principal place of business at 9651 Airway

14  Road, San Diego, California 92154.

15    4.    Upon information and belief, Defendant DMG is a corporation organized and

16  existing under the laws of California, with its principal place of business at 1110 W. Taft Ave.,

17  Suite A, Orange, California 92865.  Upon information and belief, DMG is a part owner of, and

18  sales representative and reseller for, Energy Labs.

19    5.    Unless specifically stated otherwise, the acts complained of herein were committed

20  by, on behalf of, and/or for the benefit of Energy Labs and/or DMG.

21              **JURISDICTION AND VENUE**

22    6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

23  1338(a).

24    7.    This Court has personal jurisdiction over Defendants because Defendants are

25  California corporations, because Defendants reside and are physically present in California, and

26  because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 by

27  offering for sale or selling infringing products in this District.

28    8.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

COMPLAINT FOR PATENT INFRINGEMENT

1

**INTRADISTRICT ASSIGNMENT**

9.    Assignment of this matter to the San Jose Division is appropriate because the Defendants have offered for sale and sold infringing products in Santa Clara County.

**FACTUAL BACKGROUND**

10.    CES, which was established in 1977, presently operates under the following industry-leading brands of HVAC solutions:  Huntair, Temtrol, Governair, Eaton-Williams, Mammoth, Venmar CES, and Ventrol Air Handling Systems.

11.    More than a decade ago, design and development began on a fan array solution for air handlers, called the FANWALL® system.  The FANWALL® system development has resulted in a number of issued U.S. patents, which are owned by CES.  FANWALL® systems are offered for sale and sold in the U.S., including in California.

12.    According to its website, Energy Labs is a manufacturer of custom air handling units, which have been offered for sale and sold in the U.S., including in California.  Energy Labs' custom air handling units include a fan array system called the Optiline Fan Array.  Energy Labs makes, imports, offers for sale, and sells its Optiline Fan Array in competition with CES's FANWALL® system.

13.    According to its website, DMG partners with HVAC manufacturers to provide HVAC equipment. DMG has a branch office in San Francisco, California, which is referred to as "DMG North."  DMG offers to sell and sells custom air handling units manufactured by Energy Labs, including the Optiline Fan Array, in competition with CES's FANWALL® system.

14.    Upon information and belief, DMG North has offered for sale and sold in this District air handling units, including units that use Optiline Fan Arrays.

**THE PATENTS**

15.    CES is the owner of and owns all right, title, and interest in U.S. Patent No. 7,922,442 ("the '442 Patent"), entitled "Fan Array Fan Section In Air-Handling Systems," and has full rights to sue and recover damages for all past, present, and future infringements of the '442 Patent.  The '442 Patent was duly and legally issued by the United States Patent and

COMPLAINT FOR PATENT INFRINGEMENT

Trademark Office on April 12, 2011. A true and correct copy of the '442 Patent is attached as Exhibit A.

16.     CES is the owner of and owns all right, title, and interest in U.S. Patent No. 8,414,251 ("the '251 Patent"), entitled "Modular Fan Housing With Multiple Modular Units Having Sound Attenuation For A Fan Array For An Air-Handling System," and has full rights to sue and recover damages for all past, present, and future infringements of the '251 Patent. The '251 Patent was duly and legally issued by the United States Patent and Trademark Office on April 9, 2013. A true and correct copy of the '251 Patent is attached as Exhibit B.

17.     CES is the owner of and owns all right, title, and interest in U.S. Patent No. 8,398,365 ("the '365 Patent"), entitled "Modular Fan Units With Sound Attenuation Layers For An Air Handling System," and has full rights to sue and recover damages for all past, present, and future infringements of the '365 Patent. The '365 Patent was duly and legally issued by the United States Patent and Trademark Office on March 19, 2013. A true and correct copy of the '365 Patent is attached as Exhibit C.

18.     CES is the owner of and owns all right, title, and interest in U.S. Patent No. 8,562,283 ("the '283 Patent"), entitled "Fan Array Fan Section In Air-Handling Systems," and has full rights to sue and recover damages for all past, present, and future infringements of the '283 Patent. The '283 Patent was duly and legally issued by the United States Patent and Trademark Office on October 22, 2013. A true and correct copy of the '283 Patent is attached as Exhibit D.

19.     CES is the owner of and owns all right, title, and interest in U.S. Patent No. 8,694,175 ("the '175 Patent"), entitled "Fan Array Fan Section In Air-Handling Systems," and has full rights to sue and recover damages for all past, present, and future infringements of the '175 Patent. The '175 Patent was duly and legally issued by the United States Patent and Trademark Office on April 8, 2014. A true and correct copy of the '175 Patent is attached as Exhibit E.

20.     CES is the owner of and owns all right, title, and interest in U.S. Patent No. 8,727,700 ("the '700 Patent"), entitled "Fan Array Fan Section In Air-Handling Systems," and

**COMPLAINT FOR PATENT INFRINGEMENT**

has full rights to sue and recover damages for all past, present, and future infringements of the '700 Patent. The '700 Patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2014. A true and correct copy of the '700 Patent is attached as Exhibit F.

21. CES is the owner of and owns all right, title, and interest in U.S. Patent No. 8,734,086 ("the '086 Patent"), entitled "Modular Fan Housing With Multiple Modular Units Having Sound Attenuation For A Fan Array For An Air-Handling System," and has full rights to sue and recover damages for all past, present, and future infringements of the '086 Patent. The '086 Patent was duly and legally issued by the United States Patent and Trademark Office on May 27, 2014. A true and correct copy of the '086 Patent is attached as Exhibit G.

22. Upon information and belief, Defendants have tracked, and continue to track, CES's patent portfolio, including patents that relate to FANWALL® technology.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '442 Patent against Energy Labs and DMG)

23. CES incorporates by reference and realleges paragraphs 1 through 22 above as though fully restated herein.

24. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '442 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, custom air handling units, including units that include Optiline Fan Arrays. Defendants are liable for their infringement of the '442 Patent pursuant to 35 U.S.C. § 271.

25. On information and belief, Defendants have induced, and continue to induce, others to infringe one or more claims of the '442 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by the owners, installers, and operators of custom air handling units containing Optiline Fan Arrays with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets and/or similar materials with instructions on the infringing devices.

COMPLAINT FOR PATENT INFRINGEMENT

26. On information and belief, Defendants have contributorily infringed, and continue to contributorily infringe, the '442 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '442 Patent, that are known by Defendants to be specially made or specially adapted for use in infringement of one or more claims of the '442 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

27. Defendants have had actual and constructive knowledge of the '442 Patent.

28. Pursuant to 35 U.S.C. § 284, CES is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

29. Defendants' infringement of the '442 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, CES is entitled to treble damages.

30. CES has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

31. This case is "exceptional" within the meaning of 35 U.S.C § 285, and CES is entitled to an award of attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '251 Patent against Energy Labs and DMG)

32. CES incorporates by reference and realleges paragraphs 1 through 22 above as though fully restated herein.

33. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '251 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, custom air handling units, including units that include Optiline Fan Arrays. Defendants are liable for their infringement of the '251 Patent pursuant to 35 U.S.C. § 271.

34. On information and belief, Defendants have induced, and continue to induce, others to infringe one or more claims of the '251 Patent in violation of 35 U.S.C. § 271 by taking

COMPLAINT FOR PATENT INFRINGEMENT

5

active steps to encourage and facilitate direct infringement by the owners, installers, and operators of custom air handling units containing Optiline Fan Arrays with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets and/or similar materials with instructions on the infringing devices.

35.     On information and belief, Defendants have contributorily infringed, and continue to contributorily infringe, the '251 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '251 Patent, that are known by Defendants to be specially made or specially adapted for use in infringement of one or more claims of the '251 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

36.     Defendants have had actual and constructive knowledge of the '251 Patent.

37.     Pursuant to 35 U.S.C. § 284, CES is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

38.     Defendants' infringement of the '251 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, CES is entitled to treble damages.

39.     CES has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

40.     This case is "exceptional" within the meaning of 35 U.S.C § 285, and CES is entitled to an award of attorneys' fees.

### THIRD CLAIM FOR RELIEF

**(Infringement of the '365 Patent against Energy Labs and DMG)**

41.     CES incorporates by reference and realleges paragraphs 1 through 22 above as though fully restated herein.

42.     On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '365 Patent by using, selling, and/or offering to sell within the United

COMPLAINT FOR PATENT INFRINGEMENT

6

States, and/or by importing into the United States, custom air handling units, including units that include Optiline Fan Arrays. Defendants are liable for their infringement of the '365 Patent pursuant to 35 U.S.C. § 271.

43. On information and belief, Defendants have induced, and continue to induce, others to infringe one or more claims of the '365 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by the owners, installers, and operators of custom air handling units containing Optiline Fan Arrays with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets and/or similar materials with instructions on the infringing devices.

44. On information and belief, Defendants have contributorily infringed, and continue to contributorily infringe, the '365 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '365 Patent, that are known by Defendants to be specially made or specially adapted for use in infringement of one or more claims of the '365 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

45. Defendants have had actual and constructive knowledge of the '365 Patent.

46. Pursuant to 35 U.S.C. § 284, CES is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

47. Defendants' infringement of the '365 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, CES is entitled to treble damages.

48. CES has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

49. This case is "exceptional" within the meaning of 35 U.S.C § 285, and CES is entitled to an award of attorneys' fees.

**COMPLAINT FOR PATENT INFRINGEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CLAIM FOR RELIEF**

**(Infringement of the '283 Patent against Energy Labs and DMG)**

50.     CES incorporates by reference and realleges paragraphs 1 through 22 above as though fully restated herein.

51.     On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '283 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, custom air handling units, including units that include Optiline Fan Arrays.  Defendants are liable for their infringement of the '283 Patent pursuant to 35 U.S.C. § 271.

52.     On information and belief, Defendants have induced, and continue to induce, others to infringe one or more claims of the '283 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by the owners, installers, and operators of custom air handling units containing Optiline Fan Arrays with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets and/or similar materials with instructions on the infringing devices.

53.     On information and belief, Defendants have contributorily infringed, and continue to contributorily infringe, the '283 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '283 Patent, that are known by Defendants to be specially made or specially adapted for use in infringement of one or more claims of the '283 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

54.     Defendants have had actual and constructive knowledge of the '283 Patent.

55.     Pursuant to 35 U.S.C. § 284, CES is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

56.     Defendants' infringement of the '283 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, CES is entitled to treble damages.

**COMPLAINT FOR PATENT INFRINGEMENT**

57.     CES has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

58.     This case is "exceptional" within the meaning of 35 U.S.C § 285, and CES is entitled to an award of attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### (Infringement of the '175 Patent against Energy Labs and DMG)

59.     CES incorporates by reference and realleges paragraphs 1 through 22 above as though fully restated herein.

60.     On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '175 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, custom air handling units, including units that include Optiline Fan Arrays.  Defendants are liable for their infringement of the '175 Patent pursuant to 35 U.S.C. § 271.

61.     On information and belief, Defendants have induced, and continue to induce, others to infringe one or more claims of the '175 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by the owners, installers, and operators of custom air handling units containing Optiline Fan Arrays with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets and/or similar materials with instructions on the infringing devices.

62.     On information and belief, Defendants have contributorily infringed, and continue to contributorily infringe, the '175 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '175 Patent, that are known by Defendants to be specially made or specially adapted for use in infringement of one or more claims of the '175 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

COMPLAINT FOR PATENT INFRINGEMENT

63.     Defendants have had actual and constructive knowledge of the '175 Patent.

64.     Pursuant to 35 U.S.C. § 284, CES is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

65.     Defendants' infringement of the '175 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, CES is entitled to treble damages.

66.     CES has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

67.     This case is "exceptional" within the meaning of 35 U.S.C § 285, and CES is entitled to an award of attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### (Infringement of the '700 Patent against Energy Labs and DMG)

68.     CES incorporates by reference and realleges paragraphs 1 through 22 above as though fully restated herein.

69.     On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '700 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, custom air handling units, including units that include Optiline Fan Arrays. Defendants are liable for their infringement of the '700 Patent pursuant to 35 U.S.C. § 271.

70.     On information and belief, Defendants have induced, and continue to induce, others to infringe one or more claims of the '700 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by the owners, installers, and operators of custom air handling units containing Optiline Fan Arrays with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets and/or similar materials with instructions on the infringing devices.

71.     On information and belief, Defendants have contributorily infringed, and continue to contributorily infringe, the '700 Patent in violation of 35 U.S.C. § 271, by selling within the

COMPLAINT FOR PATENT INFRINGEMENT

10

United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '700 Patent, that are known by Defendants to be specially made or specially adapted for use in infringement of one or more claims of the '700 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

72. Defendants have had actual and constructive knowledge of the '700 Patent.

73. Pursuant to 35 U.S.C. § 284, CES is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

74. Defendants' infringement of the '700 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, CES is entitled to treble damages.

75. CES has been irreparably harmed by Defendants' acts of infringement, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

76. This case is "exceptional" within the meaning of 35 U.S.C § 285, and CES is entitled to an award of attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### (Infringement of the '086 Patent against Energy Labs and DMG)

77. CES incorporates by reference and realleges paragraphs 1 through 22 above as though fully restated herein.

78. On information and belief, Defendants have infringed and continue to infringe one or more of the claims of the '086 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, custom air handling units, including units that include Optiline Fan Arrays. Defendants are liable for their infringement of the '086 Patent pursuant to 35 U.S.C. § 271.

79. On information and belief, Defendants have induced, and continue to induce, others to infringe one or more claims of the '086 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by the owners, installers, and operators of custom air handling units containing Optiline Fan Arrays with knowledge of that infringement,

COMPLAINT FOR PATENT INFRINGEMENT

1   such as by contracting for the distribution of the infringing devices, by marketing the infringing

2   devices, and by creating and/or distributing datasheets and/or similar materials with instructions

3   on the infringing devices.

4        80.     On information and belief, Defendants have contributorily infringed, and continue

5   to contributorily infringe, the '086 Patent in violation of 35 U.S.C. § 271, by selling within the

6   United States, offering for sale within the United States, and/or importing into the United States

7   components that embody a material part of the inventions described in one or more of the claims

8   of the '086 Patent, that are known by Defendants to be specially made or specially adapted for

9   use in infringement of one or more claims of the '086 Patent, and that are not staple articles or

10   commodities suitable for substantial, non-infringing use.

11        81.     Defendants have had actual and constructive knowledge of the '086 Patent.

12        82.     Pursuant to 35 U.S.C. § 284, CES is entitled to damages adequate to compensate

13   for the infringement but in no event less than a reasonable royalty.

14        83.     Defendants' infringement of the '086 Patent has been and is willful and, pursuant

15   to 35 U.S.C. § 284, CES is entitled to treble damages.

16        84.     CES has been irreparably harmed by Defendants' acts of infringement, and will

17   continue to be harmed unless and until Defendants' acts of infringement are enjoined and

18   restrained by order of this Court.

19        85.     This case is "exceptional" within the meaning of 35 U.S.C § 285, and CES is

20   entitled to an award of attorneys' fees.

21   **PRAYER**

22   WHEREFORE, CES requests that the Court:

23        1.     Enter judgment that Energy Labs has infringed, induced others to infringe, and/or

24   contributorily infringed the '442 Patent, the '251 Patent, the '365 Patent, the '283 Patent, the '175

25   Patent, the '700 Patent, and the '086 Patent.

26        2.     Enter judgment that DMG has infringed, induced others to infringe, and/or

27   contributorily infringed the '442 Patent, the '251 Patent, the '365 Patent, the '283 Patent, the '175

28   Patent, the '700 Patent, and the '086 Patent.

**COMPLAINT FOR PATENT INFRINGEMENT**

3. Permanently and preliminarily enjoin Energy Labs, its officers, agents, servants, employees, and attorneys, and others who are in active concert with any of the foregoing, from further infringement of the '442 Patent, the '251 Patent, the '365 Patent, the '283 Patent, the '175 Patent, the '700 Patent, and the '086 Patent.

4. Permanently and preliminarily enjoin DMG, its officers, agents, servants, employees, and attorneys, and others who are in active concert with any of the foregoing from further infringement of the '442 Patent, the '251 Patent, the '365 Patent, the '283 Patent, the '175 Patent, the '700 Patent, and the '086 Patent.

5. Award CES damages pursuant to 35 U.S.C. § 284.

6. Order an accounting of damages from Defendants' infringement.

7. Award CES enhanced damages, up to and including trebling CES's damages pursuant to 35 U.S.C. 284 for Defendants' willful infringement as to the '442 Patent, the '251 Patent, the '365 Patent, the '283 Patent, the '175 Patent, the '700 Patent, and the '086 Patent.

8. Award CES their costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law; and

9. Award CES such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

CES demands trial by jury for all issues so triable under Federal Rule of Civil Procedure 38(b).

Dated:  June 24, 2014                              Respectfully submitted,

                                                   WEIL, GOTSHAL & MANGES LLP


                                                   By:     */s/ Jared Bobrow*
                                                             Jared Bobrow

                                                   Attorneys for Plaintiff
                                                   CES GROUP, LLC

---

**COMPLAINT FOR PATENT INFRINGEMENT**

13