JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
BYRON BEEBE (Bar No. 235179)
byron.beebe@weil.com
EVAN N. BUDAJ (Bar No. 271213)
evan.budaj@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff and Counterclaim-Defendant
CES GROUP, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CES GROUP, LLC, | Case No. 5:14-cv-02919-BLF |
| Plaintiff and Counterclaim-Defendant, | **CES GROUP, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| ENERGY LABS INC. and DMG CORPORATION, | **Date:  January 22, 2015** |
| Defendants and Counterclaim-Plaintiffs. | **Time:  9:00 a.m.** |
| | **Courtroom:  3** |
| | **Judge:  Hon. Beth L. Freeman** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 22, 2015 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, Plaintiff CES Group, LLC ("Plaintiff" or "CES") will and hereby does respectfully move this Court pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2) for an order permitting CES to file an amended complaint to add DMG North, Inc. as a named defendant in this action.

Defendants Energy Labs Inc. ("EL") and DMG Corporation ("DMG") (collectively, "Defendants") recently filed papers with the Court alleging that DMG North, Inc. is a separate corporate entity from DMG.  In conjunction with EL and DMG, DMG North, Inc. was involved in

1  offering for sale and selling products in this District that infringe the patents-in-suit.  The proposed

2  amended complaint therefore seeks to add DMG North Inc. as a named defendant.

3       This Motion is based on the accompanying Memorandum of Points and Authorities, the

4  pleadings and records on file in this action, any other evidence and argument that may be presented

5  before or at the hearing on this Motion, and all matters of which the Court may take judicial notice.

6  **MEMORANDUM OF POINTS AND AUTHORITIES**

7  **I.    INTRODUCTION**

8       On June 24, 2014, CES initiated this patent infringement action against EL, a "manufacturer of

9  custom air handling units which have been offered for sale and sold in the U.S.," including the

10  infringing Optiline Fan Array products; and against DMG, a "manufacturer's representative for Energy

11  Labs" who "offers to sell and sells certain custom air handling units manufactured by Energy Labs,

12  including Optiline Fan Array products."  Energy Labs' Answer [D.I. 19] ("EL Answer") ¶¶ 4, 12, 13.

13  CES also alleged the "DMG has a branch office in San Francisco, California"—within this Judicial

14  District—"which is referred to as 'DMG North,'" through which infringing offers to sell and sales

15  were and are made.  Complaint [D.I. 1] ¶ 13.

16       In their recently-filed motion to transfer venue, Defendants argued—and DMG Corporation

17  President Ron Sweet averred—that DMG North, which shares not only a name but at least common

18  branding with DMG, is "a separate legal entity" from DMG and is not "a subsidiary or office" of

19  DMG.  Transfer Motion [D.I. 31] at 3; Declaration of Ron Sweet in support of Transfer Motion [D.I.

20  31-2] ("Sweet Decl.") ¶ 8.

21       Given these averments, CES now seeks leave to amend its Complaint under Rules 15 and 20

22  and 35 U.S.C. § 299 to add DMG North as a defendant.  As demonstrated below, DMG North should

23  be added as a defendant because DMG North was involved in one or more of the same

24  transactions/occurrences, and was selling and offering to sell one or more of the same infringing

25  products, as EL and DMG.  Amendment is in the interest of efficiency and justice.  There is no

26  prejudice to EL, DMG, or DMG North, and CES will be highly prejudiced, and the efficiency of the

27  Court severely diminished, if CES is forced to litigate a separate, parallel action against DMG North

28  for the same transactions/occurrences.

CES's proposed first amended complaint is attached to the Declaration of Jared Bobrow ("Bobrow Decl.") as Exhibit No. 1 ("Proposed Amended Complaint").[1]  A redline that compares the Proposed Amended Complaint with the Complaint is attached as Exhibit No. 2.  Specifically, the Proposed Amended Complaint makes the following changes:

- Names DMG North, Inc. as a defendant;
- Asserts claims for infringement against DMG North of the same patents-in-suit already asserted in the operative Complaint against EL and DMG based on DMG North's offers to sell and/or sales of the accused EL products, including in cooperation with EL and DMG; and
- Seeks damages jointly and severally against EL, DMG, and DMG North.

## II.   BACKGROUND

In CES's original Complaint, CES alleged that (1) "Energy Labs is a manufacturer of custom air handling units, which have been offered for sale and sold in the U.S.," which include an infringing "fan array system called the Optiline Fan Array."  Complaint ¶ 12.  CES also alleged that "DMG offers to sell and sells custom air handling units manufactured by Energy Labs, including the Optiline Fan Array."  Complaint ¶ 13.  CES also alleged in its Complaint that "DMG has a branch office in San Francisco, California, which is referred to as 'DMG North,'" which "has offered for sale and sold in this District air handling units, including units that use Optiline Fan Arrays."  Complaint ¶¶ 13, 14.  This allegation was based, in part, on DMG's website, in which DMG describes DMG North as an "office" of DMG.  *See* Bobrow Decl. ¶¶ 4-5; *id.* at Exs. 3-5.  In fact, DMG North's website even shares the same logo and text as DMG's website.  *Id.* ¶¶ 6-7; *id.* at Exs. 6-10.

Nonetheless, both EL and DMG disclaimed any knowledge of DMG North in their Answers.  *See* EL Answer ¶ 14; DMG Answer [D.I. 18] ¶ 14.  Indeed, in Defendants' Transfer Motion, filed on November 6, 2014, Defendants argued that DMG North "is not a subsidiary or office of Defendant DMG" and "is a separate legal entity and autonomous California corporation."  Transfer Motion at 3. Ron Sweet, President of DMG, averred the same in his declaration.  Sweet Decl. ¶ 8.

---

[1]     Further references to "Exhibit No." or "Ex. No." refer to Exhibits to the Bobrow Decl.

## III.    ARGUMENT

The Ninth Circuit Court of Appeals has long adhered to the principle that liberal amendment and joinder, within the Federal and Local Rules, are favored so as to promote trial convenience, expedite the final determination of disputes, and prevent multiple lawsuits.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371 (9th Cir. 1980).

Two Federal Rules of Civil Procedure—Rules 15 and 20—apply when a party seeks to file an amended pleading that adds parties by permissive joinder.  The America Invents Act ("AIA") provides further that, in civil actions related to patents, additional requirements must be met.  35 U.S.C. § 299.  Once the requirements of Rule 20 (and, in this case, the AIA) are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side."  *Coleman*, 232 F.3d at 1296 (quoting *Desert Empire Bank*, 623 F.2d at 1375).

Ultimately, however, "in exercising the discretion provided by Rules 15 and 20, courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules."  *Desert Empire Bank*, 623 F.2d at 1375-76.  CES's Proposed Amended Complaint makes only one substantive modification to the original Complaint—adding DMG North as a defendant to this litigation.  Based on DMG North's relation to EL and DMG, specifically with respect to specific EL and DMG acts of infringement of the patents-in-suit, DMG North's inclusion in this action satisfies both the requirements of Rule 20 and the AIA and comports with the principles of fundamental fairness.  The Court should exercise its discretion and "freely give leave" for CES to amend its complaint.

### A.    Leave Should Be "Freely Given" Under Rule 15

Rule 15(a)(2) requires that a party obtain either written consent of the opposing party or leave of the Court before filing an amended pleading that falls outside of Rule 15(a)(1), as here.  "The court should freely give leave when justice so requires."  Rule 15(a)(2); *see Desert Empire Bank*, 623 F.2d at 1376 ("[T]he Supreme Court has consistently adhered to the mandate of Rule 15(a) that leave to amend '. . . shall be freely given when justice so requires.'") (quoting pre-amendment Rule 15(a) and citing

1   *Foman v. Davis*, 371 U.S. 178 (1962)).  The objective of Rule 15 is to give a plaintiff "an opportunity

2   to test his claim on the merits."  *Foman*, 371 U.S. at 182.

3         To assess whether a Plaintiff should be given such an opportunity, the Supreme Court in

4   *Foman* found that district courts should consider the following factors in deciding whether to grant

5   leave to amend: (1) undue delay; (2) evidence of the movant's bad faith or dilatory motive; (3)

6   repeated failures to cure deficiencies by previous amendments; (4) undue prejudice to the opposing

7   party; and (5) futility of amendment.  *Id.*  "District courts need not give all of these factors equal

8   weight.  Prejudice to the opposing party is the touchstone of any Rule 15 inquiry and carries the

9   greatest weight."  *Whatru Holding, LLC v. Bouncing Angels, Inc. et al.*, Case No. 14-5187 BRO

10  (PLAx), slip op. at 3 (C.D. Cal. Sep. 18, 2014) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316

11  F.3d 1048, 1052 (9th Cir. 2003).  "The party opposing amendment bears the burden of demonstrating

12  prejudice."  *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  But

13  "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a

14  *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital*, 316 F.3d at

15  1052 (internal citation omitted).  "All inferences should be in favor of granting the motion."  *Whatru*

16  *Holding*, slip op. at 3 (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  "Courts

17  retain discretion to deny leave for amendments, but any denial must include a specific finding of

18  prejudice, bad faith, or futility of amendment."  *Id.* (citing *DCD Programs Ltd.*, 833 F.2d at 186-87).

19        Each of the *Foman* factors weighs in favor of allowing CES's Proposed Amended Complaint.

20  There was no undue delay on the part of CES.  Until Defendants' Transfer Motion was filed on

21  November 6, 2014, CES believed (as evidenced by its complaint) that DMG North was merely a

22  branch office of DMG.  Without necessarily accepting Defendants' averments, CES moved diligently

23  after receiving Defendants' Transfer Motion to seek amendment of its Complaint.  Similarly, CES has

24  no bad faith or dilatory motive—CES merely seeks to have the correct parties in this lawsuit so that all

25  parties may resolve their related claims and defenses in a single action.  This is CES's first time

26  seeking amendment in this action, and as such there have been no repeated failures in previous

27  amendments.  Amendment will not be futile, especially because CES's amendment is not intended to

28

1  cure any deficiency in the operative Complaint, but rather to add DMG North, who based on the above

2  should properly be a part of this litigation.

3      Finally, there is no prejudice to any opposing party.  The parties have just exchanged initial

4  disclosures on November 20 and 21, 2014.  No motions have been decided, and no hearings or

5  conferences—including the Case Management Conference, set for December 18, 2014—have been

6  held.  Discovery has just opened following the current parties' Rule 26(f) conference on November 6,

7  2014.  DMG North can be easily integrated into the existing schedule without any prejudice to DMG

8  North, or to current Defendants EL and DMG.  Even if the addition of DMG North, which at minimum

9  is closely related to DMG and EL, should impose additional discovery obligations, this factor is

10  insufficient to demonstrate prejudice.  *See O'Shea v. Epson Am., Inc.*, No. 09-cv-8063 PSG, 2010 WL

11  4025627 (C.D. Cal. Oct. 12, 2010) at *4-5 (finding amendment adding a parent company as a

12  defendant proper even though the amendment "will result in additional discovery in this case" and

13  requiring "'something more' to justify denying the motion on grounds of prejudice").

14      **B.    The Proposed Amended Complaint Meets The Requirements Of Rule 20 And The**
        **AIA's Joinder Provisions**

15

16      Rule 20(a)(2) provides that multiple defendants may be joined in one action if "(A) any right to

17  relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the

18  same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or

19  fact common to all defendants will arise in the action."  As with Rule 15, Rule 20 "is to be construed

20  liberally in order to promote trial convenience and to expedite the final determination of disputes,

21  thereby preventing multiple lawsuits."  *Desert Empire Bank*, 623 F.2d at 1376 (quoting *League to Save*

22  *Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)).  Under the AIA,

23  parties may be joined as Defendants in a patent litigation action if "(1) any right to relief is asserted

24  against the parties jointly, severally, or in the alternative with respect to or arising out of the same

25  transaction, occurrence, or series of transactions or occurrences relating to the making, using,

26  importing into the United States, offering for sale, or selling of the same accused product or process;

27  and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action."

28

1   35 U.S.C. § 299(a).  The AIA's joinder provisions, while slightly narrower than those of Rule 20, still

2   allow for liberal joinder and are clearly met in this case.

3          Taking Defendants and Mr. Sweet at their word that DMG North is indeed a separate entity

4   from DMG, any offers to sell or sales of EL's infringing Optiline Fan Array products made by DMG

5   North, as CES alleged in its original Complaint and alleges further in its Proposed Amended

6   Complaint, constitute a single transaction or occurrence with respect to which CES has a right to relief

7   against EL, DMG, and DMG North jointly, severally, or in the alternative.  Additionally, CES expects

8   through the course of discovery that it will discover that the connection between DMG and DMG

9   North is greater than Defendants' Transfer Motion and the Sweet Declaration imply, and that DMG

10  may have at least a financial stake, if not an element of control or other involvement, in DMG  North's

11  sales as well.  For example, CES has pled in its Proposed Amended Complaint that DMG and DMG

12  North employees worked together on at least one instance to submit a bid and sell an infringing

13  Optiline Fan Array system within this judicial district.  *See* Proposed Amended Complaint ¶ 15.

14         CES' allegations regarding DMG North's sales of EL's infringing Optiline Fan Array products,

15  including in cooperation with DMG, satisfy the requirement that "any right to relief is asserted against

16  the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction,

17  occurrence, or series of transactions or occurrences relating to the making, using, importing into the

18  United States, offering for sale, or selling of the same accused product or process."  35 U.S.C. §

19  299(a)(1).  Furthermore, both DMG's and DMG North's sales of EL's infringing Optiline Fan Array

20  products, even when performed separately, constitute a "series of transactions or occurrences" relating

21  to the same accused EL products.

22         Next, the AIA's joinder provisions require that "questions of fact common to all defendants or

23  counterclaim defendants will arise in the action."  35 U.S.C. § 299(a)(2).  Here, questions of fact

24  common to all defendants will arise, for example, with respect to whether EL's Optiline Fan Array

25  products infringe CES's patents-in-suit.  Specific questions of fact regarding DMG's and DMG

26  North's cooperation in the sale of infringing EL products will also arise.

27

28

**C.     Allowing The Proposed Amended Complaint Comports With The Principles Of Fundamental Fairness**

Once the requirements of Rules 15 and 20 and the AIA's joinder provisions have been met, as they are here, the Court then determines whether allowing CES's Proposed Amended Complaint comports with the principles of fundamental fairness.  *Coleman*, 232 F.3d at 1296 (quoting *Desert Empire Bank*, 623 F.2d at 1375).  Factors to examine in the analysis include "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action."  *Desert Empire Bank*, 623 F.2d at 1375.

Here, each *Desert Empire Bank* factor weighs in favor of allowing amendment.  As discussed above, there will be no prejudice to any party to the litigation, and CES has not delayed any more than necessary since Defendants and Mr. Sweet averred on November 6, 2014 that DMG North is a separate legal entity from DMG.  Also as addressed above, there is no bad faith or dilatory motive.  DMG and DMG North are closely related, as evidenced at least by their prior and current websites, as set forth above.  Amendment will have no effect on this Court's jurisdiction, as DMG North resides within the Northern District.  Finally, DMG North should reasonably have notice of the pending action, based on the close relationship between DMG and DMG North as described above.

## IV.     CONCLUSION

For the foregoing reasons, because CES's Proposed Amended Complaint meets the requirements of Rules 15 and 20, the AIA's joinder provisions, and comports with the principles of fundamental fairness, CES respectfully requests that the Court grant its motion for leave and allow it to file its Proposed Amended Complaint.

DATED: December 1, 2014                    Respectfully submitted,

                                           WEIL, GOTSHAL & MANGES LLP

                                           By:  _/s/ Jared Bobrow_____
                                                Jared Bobrow
                                           Attorneys for Plaintiff and Counterclaim-Defendant
                                           CES GROUP, LLC