UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CES GROUP, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DMG CORPORATION, et al.,<br><br>    Defendants. | Case No. 14-cv-02919-BLF<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>[Re: ECF 31] |

Presently before the Court is the parties' dispute over the proper judicial district in the state of California in which this patent infringement action should be litigated. Defendants DMG Corporation and Energy Labs, Inc. (collectively, "Defendants")[1] request that this action be transferred pursuant to 28 U.S.C. § 1404(a) to the Southern District of California. Def.'s Mot., ECF 31. Plaintiff CES Group LLP requests that this action remain in its chosen venue—the Northern District of California. Pl.'s Opp., ECF 40. Although Defendants requested oral argument, Def.'s Mot. 11, the Court finds that the parties' written submissions clearly set forth the relevant facts and determines that the matter may be submitted without argument. Civ. L.R. 7-1(b). For the reasons stated herein, the Court DENIES Defendants' Motion to Transfer Venue.

**I.  BACKGROUND**

Plaintiff is a limited liability company organized under the laws of Delaware and headquartered in Minnesota. First Amended Compl. (FAC) ¶ 2, ECF 48. Defendant DMG Corporation is a California corporation with offices in Orange County and San Diego. *Id.* ¶ 4;

---

[1] On December 18, 2014, after the briefing on the present motion had concluded, the Court granted Plaintiff's unopposed motion for leave to file an amended complaint to add a third defendant, DMG North, to this action. ECF 47. DMG North did not join the pending motion to transfer venue and the Court's analysis does not consider DMG North's ties to this district.

Decl. of Ron Sweet ¶¶ 4-5, ECF 31-2.  Defendant Energy Labs is a California corporation with its principal place of business in San Diego.  FAC ¶ 3; Decl. of Ray Irani ¶ 6, ECF 31-3.  Energy Labs operates a wholly owned subsidiary, Technologio Del Pacifico, S.A. de C.V. ("TDP"), that is registered and operates in Mexico.  *Id.* ¶ 7.  The majority of Energy Labs' employees and servers are located in Tijuana, Mexico, and the "vast majority" of its manufacturing and management activity occurs there as well.  *Id.* ¶¶ 8-11.  A third defendant, DMG North, Inc., is a California corporation with its principal place of business in this district.  *Id.* ¶ 5.  DMG North did not join Defendants' Motion to Transfer, as it was added after briefing concluded on that motion.

Plaintiff and Energy Labs both manufacture heating, ventilation, and air conditioning ("HVAC") products.  FAC ¶¶ 2, 13.  DMG Corporation partners with Energy Labs to sell customized HVAC units manufactured by Energy Labs.  *Id.* ¶ 14.  Plaintiff is the owner of seven patents ("Asserted Patents") directed toward fan arrays and other components of complex air-handling systems.  *Id.* ¶¶ 16-22.  Plaintiff alleges that Defendants' manufacture and sale of custom air handling units, including those that contain Energy Labs' Optiline Fan Array product, infringes each of the Asserted Patents.

**II.   LEGAL STANDARD**

A district court may, in the interest of justice, transfer any civil action "to any other district or division where it might have been brought" for the convenience of the parties and of the witnesses.  28 U.S.C. § 1404(a).  The party seeking to transfer a case bears the burden of demonstrating that transfer is appropriate.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In a case not involving a forum-selection clause, a district court considering a § 1404(a) motion "must evaluate both the convenience of the parties and various public-interest considerations."  *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the Western Dist. of Texas*, —U.S. ——, 134 S.Ct. 568, 581 (2013).  The parties' convenience and other private interests entails consideration of a number of factors including the plaintiff's choice of forum, the parties' contacts with the forum, the contacts relating to the plaintiff's claims in the chosen forum, the "'relative ease of access to sources of proof; availability of compulsory process for attendance

of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine*, 134 S. Ct. at 581 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6) (alteration in original).

No single factor is dispositive, though a plaintiff's choice of forum must be accorded some weight in the analysis. *Id.* Furthermore, a transfer may not be appropriate if it would "merely shift rather than eliminate the inconvenience." *Decker*, 805 F.2d at 843. Ultimately, a district court weighs the relevant factors and decides whether, "on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 134 S. Ct. at 581.

### III.  DISCUSSION

The evidence establishes that Plaintiff and Defendants have employees and offices dispersed around the country, and that there is no one appropriate venue that clearly eclipses the others. There is no dispute that this action could have been brought in the Southern District of California. Def.'s Mot. 5; *see generally* Pl.'s Opp. Defendants likewise do not appear to dispute that venue would be proper in either this district or the Southern District pursuant to 28 U.S.C. § 1400(b). Nevertheless, because Plaintiff chose to file suit in this district, the Court considers whether Defendants have made a strong enough showing of greater convenience such that transfer to the Southern District would promote the interest of justice.

#### A.  Convenience of the Parties

As an initial matter, Defendants argue that Plaintiff's choice of venue should be accorded little weight because Plaintiff "does not have meaningful roots in the Northern District." Def.'s Mot. 7. Plaintiff is not a resident of California and does not appear to have meaningful ties to either the Northern or the Southern District. Plaintiff avers, however, that members of its senior

3

1   management are located in the Northern District and,[2] more importantly, that at least one of the
2   infringing acts occurred in connection with Plaintiff and Defendants' competing bids "to supply
3   air handling equipment for a project in San Jose, California." Pl.'s Opp. 3; Decl. of Byron C.
4   Beebe Exhs. 5, 6, ECF 41. Defendants won that bid. Pl.'s Opp. 3. The fact of Plaintiff and
5   Defendants' direct competition in this district is undisputed, though Defendants aver that the San
6   Jose project is their only order in this district. *See* Def.'s Mot. 7.

7   Although a plaintiff's choice of venue is entitled to some weight, "[i]f the operative facts
8   have not occurred within the forum and the forum has no interest in the parties or subject matter,
9   [Plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739
10  (9th Cir. 1987) (plaintiff's choice of forum in derivative lawsuit or class action is entitled to little
11  weight); *see also Zut v. Harrah's Entm't, Inc.*, No. C13-2372 TEH, 2013 WL 5442282, at *2
12  (N.D. Cal. Sept. 30, 2013). Here, the fact that one of the allegedly infringing acts occurred in this
13  district is sufficient to establish a connection between Plaintiff's claims and this venue,
14  particularly given the nature of the patents and the accused products—*custom* air handling
15  systems. Unlike products sold over the Internet, where a single sale in this district may create a
16  contact that is merely fleeting or ephemeral, the design and customization of an air handling
17  system for a project in San Jose represents a significant contact with this venue. Furthermore,
18  because the San Jose project also involved directly competing bids between Plaintiff and
19  Defendants, evidence from that project may be highly relevant to Plaintiff's claims for relief. By

---

[2] Defendants contend that Plaintiff's initial disclosures are inadmissible and object to Plaintiff's reliance on those disclosures to demonstrate the identity and locations of relevant witnesses in this case. *See* Def.'s Reply 4-6. Defendants do not cite any binding authority for the proposition that Plaintiff must submit *admissible* evidence in support of its contentions. In fact, at least one court in this district has questioned the wisdom of that requirement. *See Zut v. Harrah's Entm't, Inc.*, No. C13-2372 TEH, 2013 WL 5442282, at *3 (N.D. Cal. Sept. 30, 2013). Further, Defendants offer no explanation why the parties and the Court cannot rely on one another's initial disclosures, which are required to set forth, based on reasonably available information, the identity and location of individuals "likely to have discoverable information" that each may use in supporting its claims or defenses. *See generally* Fed. R. Civ. P. 26(a)(1). Rule 26(g) governs all discovery disclosures, and the Court would no more countenance one party's use of initial disclosures to manufacture contacts in the present venue than it would another party's use of initial disclosures to demonstrate witness contacts in a different venue than where the witnesses are actually located. In any event, the Court's analysis focuses on Defendants' evidence and does not depend on Plaintiff's identification of witnesses in its initial disclosures.

1  contrast, although Defendants aver that they sell and install the accused fan arrays "across multiple
2  states" and "many more accused products are, and have been, sold in southern California than in
3  northern California," Irani Decl. ¶ 18, there is no record evidence that any of these other sales
4  involved "head-to-head" competition between the parties. Def.'s Opp. 6-7. As such, the Court is
5  persuaded that Plaintiff's choice of venue is entitled to some weight.

6        Defendants contend that the Southern District is the more convenient venue in which to
7  litigate because the "vast majority" of their evidence and witnesses are located in or closer to that
8  district. Def.'s Mot. 8-10; Def.'s Reply 3-4, ECF 43. Defendants' evidence, however, does not
9  establish that they have any significantly greater contacts with the Southern District than they do
10 with this district. DMG Corporation is headquartered in Orange County—in the Central
11 District—while Energy Labs primarily operates through its wholly owned subsidiary, TDP, in
12 Tijuana, Mexico. Sweet Decl. ¶ 4; Irani Decl. ¶¶ 7-13. In fact, Energy Labs acknowledges that its
13 San Diego "principal place of business" employs only four people and is "a warehouse for
14 receiving raw product for shipment to the Energy Labs Tijuana, Mexico facility." Irani Decl. ¶ 12.
15 At best, Defendants are *closer* to the Southern District, but that geographical proximity alone is
16 insufficient to establish contacts and convenience weighing in favor of transfer. Moreover, as
17 addressed below, the known locations of Defendants' witnesses and evidence do not suggest that
18 litigating this case in the Southern District would be significantly more convenient to any of the
19 parties. As such, the respective parties' contacts with the Southern District of California do not
20 weigh in favor of transfer.

21       **B.   Convenience of the Witnesses**

22       "The convenience of witnesses is said to be the most important factor in passing on a
23 transfer motion." *Los Angeles Mem'l Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 501 (C.D. Cal.
24 1981); *see also Zut*, 2013 WL 5442282, at *3. Of particular importance is the convenience of
25 non-party witnesses and their relative importance in the case. *Saleh v. Titan Corp.*, 361 F. Supp.
26 2d 1152, 1160-61 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assoc., Ltd. v. Walt Disney World*
27 *Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)).

28       Both parties identify a number of relevant witnesses from around the country. For

5

example, Plaintiff names several of Defendants' sales managers and engineers located around the country who were involved in bidding on the San Jose project. Pl.'s Opp. 8-9. Furthermore, Plaintiff points to non-party witnesses such as the inventor of the Asserted Patents, who is located in Oregon, as well as employees of other entities involved in bidding on the San Jose project, who are all located in the Northern District, who would be inconvenienced by transfer of this action to the Southern District. *Id.* at 10. Defendants, by contrast, aver in general terms that "the vast majority of the documents, witnesses or other evidence . . . is located in southern California and in nearby northern Mexico," Def.'s Mot. 10, and that "third party witnesses such as customers, general contractors, consulting and mechanical engineers, and architects . . . are mainly located in southern California," *id. See also* Def.'s Reply 3-4; Irani Decl. ¶¶ 4, 5, 8-11; Sweet Decl. ¶¶ 7, 9, 13-14. These generalized assertions fail to counter Plaintiff's more particularized showing that transfer would not be significantly more convenient for certain party witnesses and would in fact inconvenience key non-party witnesses. To be sure, witnesses located in Oregon will be as inconvenienced by traveling to the Northern District as they would be if the case is transferred to the Southern District. *See* Def.'s Reply 6. That argument, however, does little to discharge Defendants' affirmative burden to demonstrate that party and non-party witnesses would be less inconvenienced if this Court were to grant their Motion to Transfer Venue.

### C. Relative Ease of Access to Evidence

As with the locations of witnesses, Defendants make generalized assertions that the "vast majority" of relevant documents are located in or close to southern California and that such weighs in favor of transfer to the Southern District. Def.'s Mot. 9-10 (citing *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (applying Fifth Circuit law giving no weight to a plaintiff's choice of venue) and *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (same)).

Unlike the cases upon which Defendants rely, it is not clear that *any* of the relevant documentary evidence actually resides in the transferee venue. All of Energy Labs' company documents, "including but not limited to engineering, production, research and development, operations, purchasing, service and sales" reside on servers in Tijuana and perhaps Portland and Minneapolis. Irani Decl. ¶¶ 9, 17. DMG Corporation's documents appear to reside on servers in

6

Orange County and Hawaii. Sweet Decl. ¶ 7. None of these locations is in the Southern District, though they are admittedly closer to the Southern District than they are to this district. Access to Defendants' evidence in the transferee venue would thus be, at best, nominally easier. Given the realities of discovery in complex patent litigation between sophisticated competitors, the Court does not find the geographical proximity of Defendants' servers to the Southern District sufficient to warrant upsetting Plaintiff's choice of venue.

### D. Other Factors

The remaining factors are neutral. The parties do not dispute that both the Southern and Northern District are equally equipped to adjudicate matters of federal patent law. Def.'s Mot. 7. Neither side has put forth any information concerning the relative congestion in each district, nor does any party argue that the availability of compulsory process tips the balance in favor of the Southern District. *See* Def.'s Mot. 9 (stating that the compulsory process factor is neutral). Furthermore, Defendants seek a transfer within the same state, so California's interest in resolving local disputes at home will be satisfied wherever this case may land.

On balance, Defendants have failed to satisfy their burden of demonstrating that transfer to the Southern District "would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 134 S. Ct. at 581. At most, transfer would bring the lawsuit geographically closer to Defendants, but the inconvenience of litigating in a different venue where few of the parties have meaningful contacts would merely be shifted, rather than eliminated. *Decker* 805 F.2d at 843. Such circumstances do not warrant upsetting Plaintiff's choice of venue and Defendants' Motion to Transfer Venue must therefore be DENIED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Transfer Venue is DENIED.

**IT IS SO ORDERED.**

Dated: February 3, 2015

_____
BETH LABSON FREEMAN
United States District Judge

7