JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
BYRON BEEBE (Bar No. 235179)
byron.beebe@weil.com
EVAN BUDAJ (Bar No. 271213)
evan.budaj@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiff and Counterclaim-Defendant
CES GROUP, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CES GROUP, LLC,<br><br>　　　　Plaintiff and Counterclaim-Defendant,<br><br>　　vs.<br><br>ENERGY LABS INC., DMG CORPORATION, and DMG NORTH, INC.,<br><br>　　　　Defendants and Counterclaim-Plaintiffs. | Case No. 5:14-cv-02919-BLF<br><br>**CES GROUP, LLC'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME REGARDING ITS MOTION TO ENFORCE THE SCHEDULING ORDER**<br><br>**JURY TRIAL DEMANDED**<br><br>Date: _____<br>Time: _____<br>Courtroom: 2<br>Judge: Hon. Howard R. Lloyd |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on as soon as the matter may be heard, in the above-captioned Court, Plaintiff CES Group, LLC ("Plaintiff" or "CES") will and hereby does respectfully move this Court pursuant to Local Rule 6-1 for an order shortening time for briefing and hearing regarding CES's Motion to Enforce the Scheduling Order.

CES's Motion to Enforce the Scheduling Order relates to Defendants Energy Labs Inc.'s, DMG Corporation's, and DMG North, Inc.'s (collectively, "Defendants'") failure to serve invalidity contentions by the deadline set in this Court's Scheduling Order [D.I. 53], and seeks an order requiring

Defendants to comply with that Order. Because of the time-sensitivity of the issue, including the fact that Defendants' continued refusal to follow the Court's Scheduling Order adversely affects significant portions of the schedule set by this Court, CES seeks an order shortening time for briefing and hearing on its Motion to Enforce the Scheduling Order.

This Motion is based on the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Evan Budaj, the pleadings and records on file in this action, any other evidence or argument that may be presented before or at the hearing on this Motion, and all matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court entered its Scheduling Order on December 24, 2014. [D.I. 53]. The Court's Schedule required Plaintiff's Disclosure of Asserted Claims and Infringement Contentions and accompanying document production no later than January 2, 2015. *Id.* at 1. Plaintiff served those papers on Defendants on December 23, 2014. *See* Motion to Enforce the Scheduling Order ("Motion to Enforce") at 2. Defendants take issue with the sufficiency of Plaintiff's disclosure, but that issue has not yet been decided. *See* Joint Report [D.I. 60]. The Scheduling Order required Defendants to serve their invalidity contentions and accompanying document production no later than 45 days after Plaintiff's Infringement Contentions are served. [D.I. 53] at 2. Including the extra three days given by FRCP 6(d), Defendants' invalidity contentions were due February 9, 2015. Defendants served no document even purporting to be invalidity contentions on or before that date (nor have they done so by the time of filing of this Motion). *See* Declaration of Evan Budaj ("Budaj Decl.") ¶ 5. Defendants did not receive relief from, nor secure any modification to, the Scheduling Order prior to the February 9 deadline (nor has any such relief or modification been granted by the time of filing of this motion). *Id.* Indeed, Defendants did not file a motion, pursuant to Local Rule 16-2(d), requesting any such relief. *Id.*

At least eight dates on the Court's Scheduling Order have deadlines that depend on prior events in the case. *See* [D.I. 53] at 2. For each such deadline, Defendants' failure to serve its invalidity contentions on time will affect the eventual deadline. Budaj Decl. ¶ 4. Indeed, should Defendants

continue this course and not serve invalidity contentions, the dates and deadlines for events on the Court's calendar, such as the claim construction hearing, would be prejudiced. *Id.* Because Plaintiff understands the need to maintain this Court's Scheduling Order—especially, as here, when it was stipulated to by all parties—it filed its Motion to Enforce the Scheduling Order. Because each day that passes without Defendants' service of invalidity contentions is one more day the schedule will be undermined, and because this issue should be heard expeditiously to avoid further delay, Plaintiff hereby respectfully requests that the Court grant its Motion to Shorten Time and enter the attached proposed order.

DATED: February 19, 2015

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By:   */s/ Jared Bobrow*
     Jared Bobrow

Attorneys for Plaintiff and Counterclaim-Defendant
CES GROUP, LLC