*E-Filed: February 27, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CES GROUP, LLC, | No. C14-02919 BLF (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #1** |
| v. | |
| ENERGY LABS INC.; et al., | **[Re: Docket No. 60]** |
| Defendants. | |

Plaintiff sues Energy Labs Inc., DMG Corporation, and DMG North, Inc. for infringement of U.S. Patent Nos. 7,922,442; 8,414,251; 8,398,365; 8,562,283; 8,694,175; 8,727,700; and 8,734,086. Under the current scheduling order, Defendants' invalidity contentions were due on February 9, 2015. In late January 2015, Defendants objected to the amount of detail provided in Plaintiff's infringement contentions, and asserted that they were not obligated to serve invalidity contentions.

The parties filed the present Discovery Dispute Joint Report ("DDJR") regarding this dispute on February 6, three days before Defendants' invalidity contentions were due. Defendants object to Plaintiff's infringement contentions as well as the documents produced therewith. Defendants seek an order: (1) requiring Plaintiff to supplement its infringement contentions to be in compliance with Patent L.R. 3-1, and (2) stating that Defendants' invalidity contentions are due 45 days after Plaintiff serves infringement contentions that comply with Patent L.R. 3-1.

The Patent Local Rules of this District provide for a "'streamlined' mechanism to replace the 'series of interrogatories that defendants would likely have propounded' in its absence." *FusionArc, Inc. v. Solidus Networks, Inc.*, No. C06–06770 RMW (RS), 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007) (quoting *Network Caching Tech., LLC v. Novell Inc.*, No. C01–2079 VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002)). As such, a plaintiff is required to include in its infringement contentions all facts known to it, including those discovered in its Fed. R. Civ. P. 11 pre-filing investigation. *Network Caching Tech., LLC*, 2002 WL 32126128, at *4. The rules "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006); *see also Atmel Corp. v. Info. Storage Devices, Inc.*, C95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).

Patent Local Rule 3-1 requires a plaintiff in a patent infringement action to serve infringement contentions setting forth "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and identifying for each asserted claim "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware." Patent L.R. 3-1(a), (b). The identification of each Accused Instrumentality should be "as specific as possible." Patent L.R. 3-1(b). "Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process." *Id.* In addition, a plaintiff must provide a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." Patent L.R. 3-1(c).

These rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case." *See DCG Sys. v. Checkpoint Tech., LLC*, No. C11–03729 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal quotation marks omitted). But to the extent appropriate information is reasonably available to it, a patentee must nevertheless disclose the

2

1  elements in each accused instrumentality that it contends practices each and every limitation of each
2  asserted claim. *Cf. FusionArc, Inc.*, 2007 WL 1052900, at *1.

3        Here, Plaintiff's infringement contentions charts fail to satisfy Patent L.R. 3-1(c).  First, the
4  infringement contentions charts largely parrot the language of each claim limitation and frequently
5  cite to over a hundred pages.  For instance, for claim 16.D in Exhibit A-2, Plaintiff does not provide
6  specifically where in the San Jose Project or brochures are "fan units configured to be ON and
7  OFF."  Plaintiff recites the claim language and states that "[t]he control panel includes a motor
8  circuit protector for each individual motor that, when tripped, turns the corresponding fan OFF."
9  Plaintiff then cites to approximately two hundred pages.  Plaintiff does not sufficiently explain how
10 a circuit breaker turns a fan on.  Such contentions do not aid in identifying where each claim
11 limitation is found within the accused instrumentality.  *See Droplets, Inc. v. Amazon.com, Inc.*, No.
12 C12-03733 HRL, 2013 WL 1563256, at *3 (N.D. Cal. Apr. 12, 2013) (finding that where
13 infringement contentions chart parroted the respective language of each claim limitation and
14 included 14 identical screen shots, "[w]ithout the aid of labels or some other indication of how the
15 screenshots connect to the limitations, the infringement contentions fail[ed] to provide the factual
16 basis of the contentions").

17       Second, the infringement contentions charts do not provide notice of Plaintiff's theories of
18 infringement as to Defendants' customized air handling units.  *See* FAC ¶¶ 13-15.  Plaintiff's
19 infringement contentions only cite to a single "San Jose Project" and generally to Energy Lab's
20 Optiline Fan Arrays brochures.  However, Plaintiff's discovery requests define "Accused Products"
21 as "all versions, past and present, of air handling units or fan assemblies that use or include fans in
22 an array, including without limitation the Optiline Fan Arrays, that are used, sold, and/or offered to
23 sell within the United States, and/or imported into the United States, by You."  The infringement
24 contentions "must be sufficient to raise a 'reasonable inference that all accused products infringe.'"
25 *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting
26 *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002)).

27       In regards to claims asserted under the doctrine of equivalents, Defendants argue that the
28 infringement contentions contain no allegations other than boilerplate assertions of the doctrine of

equivalents. Plaintiff, however, asserts that this issue was resolved in the meet-and-confer process. According to Plaintiff, Plaintiff told Defendants that its infringement contentions assert literal infringement and that, should it become necessary to address the doctrine of equivalents (e.g., based on Defendants' future claim construction positions and/or the Court's claim constructions), Plaintiff would follow the proper procedures to amend. This resolution that the parties reached during the meet-and-confer process is sufficient. The Court declines to reach this issue.

Accordingly, the Court orders Plaintiff to supplement its infringement contentions to be in compliance with Patent L.R. 3-1 by **March 13, 2015**. In regards to Defendants' request that the Court modify the deadline for serving invalidity contentions, this issue will be addressed when the Court rules on Plaintiff's motion to enforce the Court's scheduling order, which is set for hearing on March 10, 2015.

**IT IS SO ORDERED.**

Dated: February 27, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-02919 BLF (HRL) Notice will be electronically mailed to:**

Byron Cain Beebe    Byron.Beebe@weil.com, Libia.Busalacchi@weil.com

Evan N. Budaj    evan.budaj@weil.com, karen.gotelli@weil.com

Jared Bobrow    jared.bobrow@weil.com, Libia.Busalacchi@weil.com

John L. Haller    jhaller@gordonrees.com, vcafferky@gordonrees.com

Mark Andrew Saxon    MSaxon@gordonrees.com

Michael D. Kanach    mkanach@gordonrees.com, kshaw@gordonrees.com, randris@gordonrees.com

Robert P. Andris    randris@gordonrees.com, kshaw@gordonrees.com, mkanach@gordonrees.com

Stephen Sandor Korniczky    stephenkorniczky@sheppardmullin.com, amertens@sheppardmullin.com, wblonigan@sheppardmullin.com

Susan Boensch Meyer    JHaller@gordonrees.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**