**E-Filed: March 6, 2015**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CES GROUP, LLC,<br><br>        Plaintiff,<br>v.<br><br>ENERGY LABS INC.; et al.,<br><br>        Defendants. | No. C14-02919 BLF (HRL)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO ENFORCE THE COURT'S SCHEDULING ORDER**<br><br>**[Re: Docket No. 61]** |

Plaintiff sues Energy Labs Inc., DMG Corporation, and DMG North, Inc. for infringement of U.S. Patent Nos. 7,922,442; 8,414,251; 8,398,365; 8,562,283; 8,694,175; 8,727,700; and 8,734,086. Under the current scheduling order, Defendants' invalidity contentions were due on February 9, 2015. In late January 2015, Defendants objected to the amount of detail provided in Plaintiff's infringement contentions, and asserted that they were not obligated to serve invalidity contentions. The parties filed Discovery Dispute Joint Report #1 regarding this dispute on February 6, three days before Defendants' invalidity contentions were due. On February 27, 2015, the Court found that Plaintiff's infringement contentions failed to comply with Patent L.R. 3-1, and ordered Plaintiff to amend its infringement contentions by March 13, 2015.

Presently before the Court is Plaintiff's motion to enforce the Court's scheduling order. Plaintiff requests that the Court require Defendants to comply with the Court's scheduling order and serve their Patent L.R. 3-3 and 3-4 disclosures immediately. The motion is deemed suitable for determination without oral argument. The March 10, 2015 hearing is vacated. Civ. L.R. 7-1(b).

Patent L.R. 3-3 and 3-4 require a party opposing a claim of patent infringement to serve its invalidity contentions and related documents no later than forty-five days after it receives service of infringement contentions under Patent L.R. 3-1. "The service of invalidity contentions is contingent on the production of infringement contentions that comply with Rule 3-1. Courts in this district routinely excuse defendants from producing invalidity contentions until the plaintiff serves infringement contentions that unambiguously meet the requirements of Rule 3-1." *Cal. Inst. of Computer Assisted Surgery, Inc. v. MedSurgical Servs.*, No. C10-05067, 2011 U.S. Dist. LEXIS 154627, at *10 (N.D. Cal. Sept. 1, 2011); *see also Infineon Technologies v. Volterra Semiconductor*, No. C11-06239, 2013 WL 322570, at *5 (N.D. Cal. Jan. 28, 2013) ("Courts generally stay a patent defendant's discovery obligations until the plaintiff meets the burden of providing infringement contentions compliant with Patent L.R. 3-1.") (internal quotation marks and alterations omitted)).

Here, the Court has found that Plaintiff's previously served infringement contentions do not comply with Patent L.R. 3-1 in its Order Re: Discovery Dispute Joint Report #1, Dkt. No. 75. Accordingly, Defendants are not required to produce invalidity contentions until Plaintiff serves infringement contentions that comply with Patent L.R. 3-1.

Defendants request that their invalidity contentions be due forty-five days after Plaintiff serves infringement contentions that comply with Patent L.R. 3-1. This request asks for too much. Because Defendants have had "ample time to prepare [their] invalidity contentions, which do not depend for their substance on plaintiff's infringement contentions," Defendants are ordered to produce invalidity contentions within fourteen (14) days of Plaintiff's production of its amended infringement contentions. *Tessenderlo Kerley, Inc. v. OR-Cal, Inc.*, No. C11-04100, 2012 WL 1253178, at *6 (N.D. Cal. Apr. 13, 2012) (ordering the defendant to serve its invalidity contentions within fourteen days following the service of the plaintiff's amended infringement contentions).

**IT IS SO ORDERED.**

Dated: March 6, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C14-02919 BLF (HRL) Notice will be electronically mailed to:**

Byron Cain Beebe    Byron.Beebe@weil.com, Libia.Busalacchi@weil.com

Evan N. Budaj    evan.budaj@weil.com, karen.gotelli@weil.com

Jared Bobrow    jared.bobrow@weil.com, Libia.Busalacchi@weil.com

John L. Haller    jhaller@gordonrees.com, vcafferky@gordonrees.com

Mark Andrew Saxon    MSaxon@gordonrees.com

Michael D. Kanach    mkanach@gordonrees.com, kshaw@gordonrees.com, randris@gordonrees.com

Robert P. Andris    randris@gordonrees.com, kshaw@gordonrees.com, mkanach@gordonrees.com

Stephen Sandor Korniczky    stephenkorniczky@sheppardmullin.com, amertens@sheppardmullin.com, wblonigan@sheppardmullin.com

Susan Boensch Meyer    JHaller@gordonrees.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**