**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NORTEK AIR SOLUTIONS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DMG CORPORATION, et al.,<br><br>  Defendants. | Case No. 14-cv-02919-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL STIPULATION BY THE PARTIES REGARDING DISCOVERY DISPUTE JOINT REPORT NO. 7**<br><br>[Re: ECF 164] |

Before the Court is Plaintiff's Administrative Motion to File Under Seal portions of the Stipulation Regarding Discovery Dispute Joint Report No. 7. ECF 164. The redacted portions of the Stipulation Regarding Discovery Dispute Joint Report No. 7 relate to the financial information of Defendant which has been designated by Defendant as "Confidential" under the Protective Order entered in this matter. *Id*. at 2.

**I.   LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.  Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101.  Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added).  Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party.  *Id.* 79-5(e).

## II.  DISCUSSION

Plaintiff moves to seal portions of the Stipulation Regarding Discovery Dispute Joint Report No. 7 that relate to the financial information of Defendant.  ECF 191 at 1.  This information has been designated confidential by Defendant.  *Id*.  As the designating party, Defendant filed a declaration indicating that this material discloses sensitive financial information held as a trade secret which could cause competitive injury if made public.  Brown Decl. at ¶¶ 5-7, ECF 167.  The Court finds the sealing request to be narrowly tailored.  Accordingly, the Court GRANTS Plaintiff's motion to seal.

**IT IS SO ORDERED.**

Dated: June 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge