# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

NORTEK AIR SOLUTIONS, LLC,

    Plaintiff,

v.

DMG CORPORATION, et al.,

    Defendants.

Case No. 14-cv-02919-BLF

**ORDER REGARDING SEALING MOTIONS**

[Re: ECF 175, 185, 188, 196]

Before the Court are four administrative motions to file under seal in connection with the parties' Motions for Summary Judgment. ECF 175, 185, 188, 196. For the reasons stated herein, the motions are GRANTED IN PART AND DENIED IN PART.

## I. LEGAL STANDARD

Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Motions that are technically nondispositive may still require the party to meet the "compelling reasons" standard when the motion is more than tangentially related to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). Compelling reasons for sealing court files generally exist when

1  such "'court files might have become a vehicle for improper purposes,' such as the use of records
2  to gratify private spite, promote public scandal, circulate libelous statements, or release trade
3  secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However,
4  "[t]he mere fact that the production of records may lead to a litigant's embarrassment,
5  incrimination, or exposure to further litigation will not, without more, compel the court to seal its
6  records." *Kamakana*, 447 F.3d at 1179.

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations of the designating parties submitted in support. The Court finds the parties have articulated compelling reasons to seal certain portions of the submitted documents. The proposed redactions are also narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

### A. ECF 175

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Defendants' Motion for Summary Judgment of Invalidity and Non-Infringement | Document identifies and discusses details for specific customers' facilities, and includes technical information about the configuration and capabilities of specific air handling units. | GRANTED |
| Exhibit 1: Opening Expert Report of Albert V. Karvelis<br><br>Defendants' Confidential Information (or that of its customers) redacted at: pgs. 13-18 (customer information), and 18, 22-24 (technical information) | Document identifies and discusses details for specific customers' facilities, and includes technical information about the configuration and capabilities of a specific customer's air handling unit. | GRANTED as to Defendants' Confidential Information (or that of its customers) redacted at: pgs. 13-18 (customer information), and 18, 22-24 (technical information); DENIED as to remainder. |
| Exhibit 2: Excerpts, Expert | Document contains | GRANTED as to Defendants' |

2

| | | |
|---|---|---|
| Report of Dr. James Rice Regarding Invalidity of U.S. Patent Nos. 7,922,442; 8,414,251; 8,398,365; 8,562,283; 8,694,175; 8,727,700; and 8,734,086<br><br>Defendants' Confidential Information (or that of its customers) redacted at: pgs. 50-52, 92-93, 96-98, 186-88, 307-08 (customer information), and 50-52, 92, 96, 186-87, 307 (technical information) | confidential excerpts from technical documents detailing the design, components, and technical features of an Energy Labs air-handling unit and its customers' facilities. | Confidential Information (or that of its customers) redacted at: pgs. 50-52, 92-93, 96-98, 186-88, 307-08 (customer information), and 50-52, 92, 96, 186-87, 307 (technical information); DENIED as to remainder. |
| Exhibit 5: Excerpts, Deposition of Reza Irani (11/10/2015)<br><br>Defendants' Confidential Information (or that of its customers) redacted at: 95:12-25 | Document contains confidential discussion regarding the capabilities, design, and technical features of Energy Labs airhandling units | GRANTED |
| Exhibit 7: ELI_GHT00012131 | Exhibit 7 is a set of internal Nortek (Temtrol brand) documents reflecting internal project specifications, purchase orders, sales documents, and technical information relating to Nortek products on a particular installation. Such information is publically unavailable and could harm Nortek if publically filed. | GRANTED |
| Exhibit 8: Excerpts, Supplemental Expert Report of Dr. Rice Regarding Invalidity of U.S. Patent Nos. 7,922,442; 8,414,251; 8,398,365; 8,562,283; 8,694,175; 8,727,700; and 8,734,086 | These excerpts are from the invalidity report of Defendants' expert, Dr. James Rice. These excerpts contain, use, and analyze Nortek's highly-confidential technical information about certain Nortek projects (sales of products) and could harm Nortek if publicly filed. These excerpts, for instance, contain analysis of detailed graphics from Nortek's old project files, none of which is public. | GRANTED |

3

| | | |
|---|---|---|
| Exhibit 9: Excerpts, Deposition of John Habel (2016-03- 10) | These excerpts of testimony from Mr. John Habel, a Nortek witness who testified both in his personal capacity and as Nortek's 30(b)(6) witness relating to the technical features of Nortek's projects. His testimony includes specific discussion about the apparatus and functionality of Nortek's products, which could harm Nortek if publicly filed. | GRANTED |
| Exhibit 10: Excerpts, Supplemental Expert Report of Albert V. Karvelis | These excerpts are from the supplemental invalidity report by Nortek's technical expert, Dr. Albert V. Karvelis. These excerpts contain, use, and analyze Nortek's highly-confidential technical information, for instance excerpts from non-public project submittal documents, and could harm Nortek if publicly filed and made available to competitors | GRANTED |
| Exhibit 11: Excerpts, Deposition of A. Karvelis (3/16/2016)<br><br>Defendants' Confidential Information (or that of its customers) redacted at: pg. 332 (customer information); 243, 376, 378, 383, 384, 385 (technical information) | Document contains confidential customer information. | GRANTED as to Defendants' Confidential Information (or that of its customers) redacted at: pg. 332 (customer information); 243, 376, 378, 383, 384, 385 (technical information); DENIED as to remainder. |
| Exhibit 12: Excerpts, Deposition of Albert Karvelis (3/17/2016)<br><br>Defendants' Confidential Information (or that of its customers) redacted at: 227-231 (technical information) | Document contains confidential customer information. | GRANTED as to Defendants' Confidential Information (or that of its customers) redacted at: 227-231 (technical information); DENIED as to remainder. |
| Exhibit 13: Exhibit 61 to Opening Expert Report of Albert V. Karvelis<br><br>Defendants' Confidential | Document contains confidential excerpts from technical documents detailing the design, components, and technical features of an Energy | GRANTED as to Defendants' Confidential Information (or that of its customers) redacted at: pgs. 1-56 (customer information), and 2, 4, 5, 6, 8, |

4

| | | |
|---|---|---|
| Information (or that of its customers) redacted at: pgs. 1-56 (customer information), and 2, 4, 5, 6, 8, 10, 12, 14, 15-17, 1925, 30-37, 39, 42-52, and 55 (technical information) | Labs air-handling unit and the specific capabilities customers' air handling unit. | 10, 12, 14, 15-17, 1925, 30-37, 39, 42-52, and 55 (technical information); DENIED as to remainder. |
| Exhibit 14: Excerpts, Deposition of Lawrence Hopkins (6/15/2015) | These excerpts are testimony from Mr. Lawrence Hopkins, the inventor of the patents-in-suit, and relate in part to the technical features embodied by Nortek's products.<br><br>Nortek does not object to transcript pages pp. 226 through 230 being filed publicly.<br><br>The remaining pages of the excerpt include specific discussion about confidential information belonging to third party BasX Solutions ("BasX"), Mr. Hopkins' new company. There, Mr. Hopkins discusses the apparatus and functionality of BasX products, which could harm BasX if publicly filed. This | DENIED as to pages 226-230, GRANTED as to remaining excerpts. |
| Exhibit 15: Exhibit 65 from the Deposition of A. Karvelis | Nortek does not object to Exhibit 15 being filed publicly. | DENIED |
| Exhibit 17: Excerpts, Rebuttal Expert Report of Albert V. Karvelis | These excerpts from the rebuttal infringement report of Nortek's technical expert Dr. Karvelis contain, use, and analyze testimony from both Defendants' and Nortek's expert and fact witnesses that contains discussion of confidential or highly-confidential technical information, which could harm both Defendants and/or Nortek if publicly filed. | GRANTED |
| Exhibit 20: Excerpts, Deposition of Lawrence Hopkins (10/1/2008) | These excerpts are testimony from the inventor of the patents-in-suit, Mr. Lawrence Hopkins, and relate to the | GRANTED |

5

| | | |
|---|---|---|
| | technical features embodied by certain Nortek products (i.e. the Intel Ireland project). They include specific discussion about the apparatus and functionality of Nortek's products, which could harm Nortek if publicly filed. | |
| Exhibit 21: Excerpts, Deposition of Joe Naccarello (1/13/2013) | These excerpts of testimony from Mr. Joe Naccarello, a Nortek witness who testified both in his personal capacity and as Nortek's 30(b)(6) witness for certain sales related topics, includes specific discussion about Nortek's pricing structure, discount model, competitive analysis, and internal highly-confidential business information, which could harm Nortek—especially if obtained by its competitors—if publicly filed. | GRANTED |
| Exhibit 22: Excerpts, Deposition of Joe Pipitone (11/13/2016)<br><br>Defendants' Confidential Information (or that of its customers) redacted at: 86, 87, 88 | Document contains confidential excerpts from and opinion regarding technical documents detailing the design, components, and technical features of an Energy Labs airhandling unit and its customers' facilities. | GRANTED |
| Exhibit 23: Excerpts, Deposition of James Hilliard (11/12/2016)<br><br>Defendants' Confidential Information (or that of its customers) redacted at: 181, 297 | Document contains confidential excerpts from and opinion regarding technical documents detailing the design, components, and technical features of an Energy Labs airhandling unit and its customers' facilities. | GRANTED |
| Exhibit 24: Excerpts, Deposition of Lawrence Hopkins (10/2/2008) | These excerpts are testimony from the inventor of the patents-in-suit and relate to the technical features embodied by Nortek's products. Given Mr. Hopkins' relationship and experience with Nortek, these excerpts include specific discussion about the apparatus | GRANTED |

6

| | | |
|---|---|---|
| | and functionality of Nortek's products, which could harm Nortek if publicly filed. | |
| Exhibit 25: Exhibit 66 from the Deposition of A. Karvelis | This exhibit contains internal Nortek (Temtrol brand) documentation, for example, internal project specifications, purchase orders, sales documents, and technical information relating to a particular Nortek installation, none of which is publically available. | GRANTED |
| Exhibit 26: Exhibit 67 to the Deposition of A. Karvelis<br><br>Defendants' Confidential Information (or that of its customers) redactions at: pgs. 1-3 (customer information), and 2-6 (technical information) | Document contains confidential excerpts from technical documents detailing the design, components, and technical features of an Energy Labs air-handling unit and its customers' facilities. | GRANTED as to Defendants' Confidential Information (or that of its customers) redactions at: pgs. 1-3 (customer information), and 2-6 (technical information); DENIED as to remainder. |
| Exhibit 27: Excerpts, Rebuttal Expert Report of Dr. James Rice Regarding Non-Infringement<br><br>Defendants' Confidential Information (or that of its customers) redacted at: 41-43, 77, 78, 79, 84-86, 93-96, 162-163, 398-401, 407-410, 494-496, 499, 566-567, 594 | Document contains confidential excerpts from and opinion regarding technical documents detailing the design, components, and technical features of an Energy Labs airhandling unit and its customers' facilities. | GRANTED |
| Exhibit 29: Rebuttal Expert Report of Dr. James Rice, Exhibit D<br><br>Defendants' Confidential Information (or that of its customers) redacted at: 2-4 | Document contains confidential customer information. | GRANTED |

**B.    ECF 185**

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Defendants' Opposition to Plaintiff's Motion for Summary Judgment that Claims 16 and 25 of U.S. Patent No. 7,922,442 are Not | The proposed redactions cite, quote from, or reference detailed proprietary technical information about products belonging to CleanPak | GRANTED |

7

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Invalid Based on the CleanPak MRPF Technical Bulletin<br><br>Redacted at: pgs. 4:13-16, 6:8-12 | International ("Cleanpak"), a former third-party company which Nortek acquired in 2006. Such information is publically unavailable and could harm the CleanPak brand and, by extension, Nortek if publically filed. | |
| Exhibit 2: Excerpts, Expert Report of Dr. James Rice Regarding Invalidity of U.S. Patent Nos. 7,922,442; 8,414,251; 8,398,365; 8,562,283; 8,694,175; 8,727,700; and 8,734,086 | Nortek does not object to Exhibit 2 being filed publicly. | DENIED |
| Exhibit 3: Excerpts, Rebuttal Expert Report of Albert V. Karvelis | Nortek does not object to Exhibit 3 being filed publicly. | DENIED |
| Exhibit 7: Email, Spradling to Benson et al (Dec. 10, 2004) | Nortek does not object to Exhibit 7 being filed publicly. | DENIED |
| Exhibit 8: Facsimile, Spradling to Jalai | Exhibit 8 is an internal facsimile communication from Huntair, a Nortek brand. Nortek seeks to seal Exhibit 8 in its entirety, because the document is a confidential internal Nortek communication that contains proprietary technical information about Cleanpak and divulges internal, competitive-analysis communications that would harm Nortek's business if publically filed. | GRANTED |

C.  **ECF 188**

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment of Invalidity and Non- Infringement | Excerpts contain opinions that divulge detailed technical information about Nortek's products, one installation in particular (the Temtrol System). The disclosure of this information would be particularly harmful to Nortek's business. It also contains trade secret information about the Temtrol | GRANTED |

| | | |
|---|---|---|
| | System, the public release of which would be harmful to Nortek. | |
| Nortek's Responsive Separate Statement in Opposition to Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity | The document contains proprietary technical information, including details about one installation in particular (the Temtrol System), the disclosure of this information would be harmful to Nortek's business. | GRANTED |
| Declaration of Dr. Albert Karvelis in Support of Nortek's Opposition to Defendants' Motion for Summary Judgment | The proposed redactions contain technical information about Nortek's products, one installation in particular ("the Temtrol System"). The disclosure of this information would be particularly harmful to Nortek's business.<br><br>The proposed redactions also contain confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the layout and structure of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | GRANTED |
| Declaration of Mr. John Habel in Support of Nortek's Opposition to Defendants' Motion for Summary Judgment | The proposed redactions contain technical information about Nortek's products, one installation in particular (the Temtrol System). The disclosure of this information would be particularly harmful | GRANTED |

9

| | | |
|---|---|---|
| | | to Nortek's business. | |
| Ex. D: Excerpts, 11/10/15 Deposition of Mr. Ray Irani | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the characteristics of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. | GRANTED as to 6:7 and 21; 209:2-3, 14-15, 18-21, and 24 (customer information); 201:9-10 and 12- 25; 204:11-12, 14, 20, and 23; 205:16-19; 211:8, 14-15, and 21-25; 212:6-9 (technical information); and 293:1-12 and 293:20- 294:11 (business plans); DENIED as to remainder. |
| Ex. E: Excerpts, 11/13/15 Deposition of Mr. James O. Domholt | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the characteristics of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | GRANTED as to 4:17 and 19-20; 273:22; 275:8-9 (customer information); 271:12-14 and 17; 272:4, 8, and 22-24 (technical information); DENIED as to remainder. |
| Ex. G: *Excerpts*, 03/15/16 Deposition of Dr. James Rice deposition | Defendants do not object to it being filed publicly. | DENIED |
| Exhibit H: Excerpts, 03/14/16 Deposition of Dr. James Rice | The proposed redactions contain technical information about Nortek's products, one installation in particular ("the Temtrol System"). The disclosure of this information would be particularly harmful to Nortek's business. The proposed redactions also contain confidential customer information. | GRANTED |
| Ex. J: Rebuttal Expert Report of Dr. James Rice, Ex. E (CFD | Defendants do not object to Exhibit J being filed publicly. | DENIED |

10

| | | |
|---|---|---|
| Model) | | |
| Ex. K: Excerpts, 11/13/15 Deposition of Mr. Joe Pipitone | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the characteristics of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | GRANTED as to 123:21; 124:4 and 6; 138:20-21; 139:23; 184:11 and 19; 186:7 (customer information); and 173:20; 174:11; 175:1-2, 4, 7-10, and 17-19; 180:17 and 20; 181:23; 182:2-3, 6, 17-18, and 22-24; 183:4; 184:3; 187:25; 188:4, 9, 12-13, and 15; and 271: 6- 8 (technical information); DENIED as to remainder. |
| Ex. L: Excerpts, 11/03/15 Deposition of Mr. Ron Sweet | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the characteristics of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. | GRANTED as to 251:9 (customer information); 246:9, 20-21; 247:5, 10, 17-19, and 22-23; 248:8, 15-16; and 250:9 (technical information); DENIED as to remainder. |
| Ex. M: Excerpts, 11/02/15 Deposition of Mr. Victor Murphy | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the characteristics of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both | GRANTED as to 181:18-19; 255:24-25 (customer information); and 285:14-15, 20, and 22-23; 286:7-10 and 17; 290:4, 8, 11, and 19 (technical information); DENIED as to remainder. |

| | | |
|---|---|---|
| | Defendants and third party customers. | |
| Exhibit O: Excerpts, 03/16/16 Deposition of Dr. Albert Karvelis | Excerpts contain opinions that divulge detailed technical information about Nortek's products, one installation in particular (the Temtrol System). The disclosure of this information would be particularly harmful to Nortek's business.  Excerpts also contain confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the layout and structure of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. | GRANTED |
| Ex. P: Excerpts, 11/12/15 Deposition of Mr. James Hilliard | The language proposed for redaction contains confidential customer information. | GRANTED as to 32:16 and 18; DENIED as to remainder. |
| Ex. R: Energy Labs Air Handler Unit Field Start-Up Report (DMGC00007778) | The language proposed for redaction contains confidential excerpts from technical documents that purport to describe the design, components, and technical features of customer components and facilities. This includes private third party customer information, along with the capabilities and technical specifications of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The document also includes, at pages .004, .005, .006, .007, .008, .009, .011, .012, .013, and .014, information that purports to describe capabilities of a specific component of a customers' | GRANTED as to DMGC00007778.001, .002, .004, .005, .006, .007, .008, .009, .011, .012, .013, and .014; DENIED as to remainder. |

12

| | | |
|---|---|---|
| | | ventilation system. |
| Ex. T: Excerpts, Energy Labs Project documents (ELI01568363) | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the layout and structure of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | GRANTED as to ELI01568363.001, .004, .006, .026, .027, .029, .030, and .031; DENIED as to remainder. |
| Exhibit V: Excerpts, 03/17/16 Deposition of Dr. Albert Karvelis | Excerpts contain opinions that divulge detailed technical information about Nortek's products, one installation in particular (the Temtrol System). The disclosure of this information would be particularly harmful to Nortek's business. | GRANTED |
| Ex. W: Excerpts, Energy Labs Project documents (ELI00782884) | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the layout and structure of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | GRANTED as to ELI00782884.001, .035, .036, .037, .038, .039, .040, .041, .042, .043, .044, .045, and .046; DENIED as to remainder. |
| Ex. X: Excerpts, Energy Labs Project documents | The language proposed for redaction contains confidential | GRANTED as to ELI00782721.001, .002, .046, |

| | | |
|---|---|---|
| (ELI00782721) | excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the layout and structure of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | .047, .048, .049, .273, and .354; DENIED as to remainder. |
| Ex. Y: Excerpts, Energy Labs Operation & Maintenance Manual (DMGN00002857) | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the layout and structure of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | GRANTED as to DMGN00002857.001, .002, .027, .028, .029, .220, and .527; DENIED as to remainder. |
| Ex. Z: Energy Labs Start-Up Report (DMGC00011181.001) | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the capabilities and technical specifications of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. | GRANTED as to DMGC00011181.001, .002, .004, .005, .006, .007, .008, .010, .011, .012; DENIED as to remainder. |

| Ex. AA: Excerpts, Energy Labs Project documents (DMGC00011180) | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the capabilities and technical specifications of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. | GRANTED as to DMGC00011180.001, .002, .004, .005, .006, .007, .008, .010, .011, .012; DENIED as to remainder. |
|---|---|---|
| Exhibit AC: Excerpts, 03/10/16 Deposition of Mr. John Habel | Excerpts contain opinions that divulge detailed technical information about Nortek's products, one installation in particular (the Temtrol System). The disclosure of this information would be particularly harmful to Nortek's business. | GRANTED |
| Ex. AE: Excerpts, Energy Labs Project documents (ELI01416191) | The language proposed for redaction contains confidential excerpts from technical documents detailing the design, components, and technical features of specific Energy Labs air-handling unit and its customers' facilities, and private third party customer information, including the layout and structure of customers' facilities and various other sensitive details regarding the customer's internal ventilation systems. The information proposed for redaction reflects a significant investment of financial and technical resources by both Defendants and third party customers. | GRANTED as to ELI01416191.001, .012, and .013; DENIED as to remainder. |

### D.   ECF 196

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Defendants' Reply in Support of Their Motion for Summary Judgment of Invalidity and | The language proposed for redaction contains confidential excerpts from technical | GRANTED as to 2:21, 3:20; 7:8-9; 8: 2,7; 10:8-9; 10:28; 13: 15,18, 20, 22, 26; 14: 6, 13, 25; 15: 1, 5, 14, 15, 18, |

| | | |
|---|---|---|
| Non-Infringement<br><br>Defendants' Confidential Information (or that of its customers) redacted at: pgs. 2:21 and 7:8-9 (financial information); 10:8-9 (technical information); and 10:28 (customer information) | documents detailing the design, components, and technical features of specific Energy Labs air-handling unit; financial information regarding Energy Labs' offerings and product sales; and information regarding its customers' facilities. This information reflects a significant investment of financial and technical resources by both Defendants and third party customers. | 19, 27. |
| Exhibit 37: Rebuttal Expert Report of Albert V. Karvelis, Ph.D. (Feb. 18. 2016) | Nortek does not object to Ex. 37 being publically filed. | DENIED |
| Exhibit 38: Opening Expert Report of Albert V. Karvelis, Ph.D. (Jan. 15, 2015) | Nortek does not object to Ex. 38 being publically filed. | DENIED |
| Exhibit 40: Excerpts, Deposition of James Rice, Ph.D. (March 14, 2016) | The proposed redactions comprise portions of Dr. Rice's testimony that relate to documents containing proprietary technical information related to Nortek's products, including the Temtrol DHS installation and CleanPak (now a Nortek brand) projects, and his specific opinions detailing this proprietary information. This information is publically unavailable and could harm Nortek if publically filed. | GRANTED |
| Exhibit 41: Excerpts, Deposition of Albert V. Karvelis, Ph.D. Volume II (March 16, 2016) | Nortek does not object to Ex. 41 being publically filed. | DENIED |
| Exhibit 42: Excerpts, Deposition of Albert V. Karvelis, Ph.D., Volume III (March 17, 2016) | The proposed redactions comprise portions of Dr. Karvelis' testimony that relate to documents containing proprietary technical information related to Nortek's products, namely the Temtrol DHS installation, and his specific opinions detailing | GRANTED |

|  | this proprietary information. This information is publically unavailable and could harm Nortek if publically filed. |  |
|---|---|---|

### III.  ORDER

For the foregoing reasons, the sealing motions at ECF 175, 185, 188, and 196 are GRANTED IN PART AND DENIED IN PART.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: June 6, 2016

_____
BETH LABSON FREEMAN
United States District Judge

17