1  JARED BOBROW (Bar No. 133712)
   *jared.bobrow@weil.com*
2  AARON HUANG (Bar No. 261903)
   *aaron.huang@weil.com*
3  STEVEN RUSHING *pro hac vice*
   *steven.rushing@weil.com*
4  PRIYANKA R. DEV (Bar No. 308363)
   *priyanka.dev@weil.com*
5  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
6  Redwood Shores, CA  94065
   Telephone: (650) 802-3000
7  Facsimile: (650) 802-3100
8
9  GARLAND T. STEPHENS
   *garland.stephens@weil.com*
10 WEIL, GOTSHAL & MANGES LLP
   700 Louisiana, Suite 1700
11 Houston, TX  77002
   Telephone:  (713) 546-5000
12 Facsimile:  (713) 224-9511
13
   Attorneys for Plaintiff and Counterclaim-Defendant
14 NORTEK AIR SOLUTIONS, LLC

   ADAM R. ALPER (Bar No. 196834)
   *adam.alper@kirkland.com*
   BRANDON BROWN (SBN 266347)
   *bhbrown@kirkland.com*
   JAMES BEARD (SBN 267242)
   *james.beard@kirkland.com*
   KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
   San Francisco, CA 94104
   Telephone: (415) 439-1400
   Facsimile: (415) 439-1500

   MICHAEL W. DE VRIES (SBN 211001)
   *michael.devries@kirkland.com*
   KIRKLAND & ELLIS LLP
   333 South Hope Street
   Los Angeles, CA 90071
   Telephone: (213) 680-8400
   Facsimile: (213) 680-8500

   Attorneys for Defendants
   ENERGY LABS, INC., DMG
   CORPORATION, AND DMG NORTH, INC.

15
16           **UNITED STATES DISTRICT COURT**
17          **NORTHERN DISTRICT OF CALIFORNIA**
18                 **SAN JOSE DIVISION**

19 NORTEK AIR SOLUTIONS, LLC,                    Case No. 5:14-cv-02919-BLF

20              Plaintiff and Counterclaim-       **[PROPOSED] JOINT PRETRIAL**
                Defendant,                        **STATEMENT AND ORDER**
21
           vs.
22
   ENERGY LABS INC., DMG CORPORATION,
23 and DMG NORTH, INC.

24              Defendants and Counterclaim-
                Plaintiffs.
25
26
27
28

1   **I.      STATEMENT OF NATURE OF ACTION AND JURSIDICTION**

2         **A.      The Parties**

3         Plaintiff Nortek Air Solutions, LLC, formerly known as CES Group, LLC ("Plaintiff" or

4   "Nortek") and Defendants Energy Labs Inc., DMG Corporation, and DMG North, Inc. ("Defendants")

5   are the parties who will appear at trial.

6         **B.      Substance of the Action**

7         This is an action for patent infringement.  Nortek alleges that Defendants have infringed and

8   are infringing the following U.S. patents, directly and/or indirectly, pursuant to 35 U.S.C. § 271(a), (b),

9   and/or (c):

10        • U.S. Patent No. 7,922,442 (the "'442 patent"),

11        • U.S. Patent No. 8,414,251 (the "'251 patent"),

12        • U.S. Patent No.  8,398,365 (the "'365 patent"),

13        • U.S. Patent No.  8,562,283 (the "'283 patent"),

14        • U.S. Patent No. 8,694,175 (the "'175 patent"),

15        • U.S. Patent No. 8,734,086 (the "'086 patent").

16        Collectively, these patents are referred to hereinafter as "the Nortek Patents."

17        Nortek's allegations of direct and indirect infringement appear in Nortek's First Amended

18  Complaint (Dkt. No. 48), and were further identified or described during discovery and pretrial

19  proceedings, including in Nortek's infringement contentions, expert reports, and summary judgment

20  papers.  The elements of each of Nortek's infringement claims are more fully set forth in the parties'

21  proposed jury instructions, which will be jointly submitted to the Court on June 29, 2016.

22        The asserted claims of the Nortek Patents are as follows: claims 16 and 26 of the '442 patent,

23  claim 8 of the '251 patent, claim 15 of the '365 patent, claim 29 of the '283 patent, claims 1 and 8 of

24  the '175 patent, and claim 40 of the '086 patent.  Nortek contends that Defendants directly and

25  indirectly infringe these claims based on their manufacture, use, importation, sale, offer for sale, and

26  other conduct relating to certain air handling units that include an Optiline fan array.  The table below

27  summarizes the asserted claims and projects identified as including air-handling units ("AHUs")

28  accused of infringement:

---

**[PROPOSED] JOINT PRETRIAL STATEMENT AND ORDER**                    **CASE NO.: 5:14-CV-02919-BLF**

| Claim | Projects with Accused AHUs (by EL Job Number) |
|---|---|
| 442 Patent, Claim 16 | EL Job Nos. 6711, 6163, 7335, 6183, 6646 |
| 442 Patent, Claim 26 | EL Job Nos. 6711, 6163, 7335, 6646 |
| 251 Patent, Claim 8 | EL Job Nos. 7335, 6611, 7261, 7007, 7536, 7457, 7024, 7204, 6576, 6809, 7209, 7375, 7139, 7532, 6478, 7678 |
| 365 Patent, Claim 15 | EL Job Nos. 7335, 7261, 6611, 7007, 7536, 7457, 7204, 6809, 7375, 7139, 7532, 6478 |
| 283 Patent, Claim 29 | EL Job Nos. 7335, 8037, 7261, 6611, 7536, 7457, 7204, 6809, 6967, 7577, 7375, 7139, 7532, 8124, 8333, 8797, 8609, 8209, 8734, 7839 |
| 175 Patent, Claim 1 | EL Job Nos. 7335, 8037, 7536, 7457, 7577, 7375, 7532, 8124, 8333, 8797, 8609, 8209, 8734, 8224, 7839 |
| 175 Patent, Claim 8 | EL Job Nos. 7335, 7536, 7457, 7577, 7375, 7532, 8124, 8333, 8797, 8609, 8209, 8734, 7839 |
| 086 Patent, Claim 40 | EL Job Nos. 7335, 7536, 7457, 7375, 7532, 7678 |

(collectively, the "Accused AHUs"). Nortek further alleges that Defendants have willfully infringed the Nortek patents.

Defendants contend that any allegations regarding AHUs not presented in Nortek's infringement contentions or expert reports on infringement are not properly before this Court and should not be presented to the jury. Defendants further dispute that any of the Accused AHUs infringe any of the asserted claims of the Nortek Patents. Defendants seek declarations of non-infringement and invalidity of each of the Nortek Patents, and assert additional equitable defenses against Plaintiff's claims of infringement. (Dkt. No. 56). Defendants allege that the Nortek Patents are anticipated by the following printed publications and air handling systems in public use pursuant to 35 U.S.C. § 102(a)-(g) and/or rendered obvious when combined with the skill of a person of ordinary skill in the art pursuant to 35 U.S.C. § 103:

- AAON (asserted against the '442 Patent, Claims 16 and 26; '251 Patent, Claim 8; '365 Patent, Claim 15; '283 Patent, Claim 29; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

- Governair Carolinas Medical Center Installation (asserted against the '442 Patent, Claims 16 and 26; '251 Patent, Claim 8; '365 Patent, Claim 15; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

- Governair Computer Associates Installation (asserted against the '442 Patent, Claims 16 and 26; '251 Patent, Claim 8; '365 Patent, Claim 15; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

- Temtrol DHS Computer Room Installation (asserted against the '442 Patent, Claims 16 and 26; '251 Patent, Claim 8; '365 Patent, Claim 15; '283 Patent, Claim 29; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

- Cleanpak (asserted against the '442 Patent, Claims 16 and 26; '251 Patent, Claim 8; '365 Patent, Claim 15; '283 Patent, Claim 29; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

- PACE (asserted against the '442 Patent, Claims 16 and 26; '251 Patent, Claim 8; '365 Patent, Claim 15; '283 Patent, Claim 29; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

- Huntair HP Corvallis Installation (asserted against the '175 Patent, Claims 1 and 8)

- Energy Labs, Inc. Installations (asserted against the '251 Patent, Claim 8; '365 Patent, Claim 15; '283 Patent, Claim 29; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

Defendants further allege that the Nortek Patents are rendered obvious by the following combinations of printed publications and air handling systems in public use pursuant to 35 U.S.C. § 103, either alone or when combined with the skill of a person of ordinary skill in the art:

- Collective Governair Installations (asserted against the '442 Patent, Claims 16 and 26; '251 Patent, Claim 8; '365 Patent, Claim 15; '283 Patent, Claim 29; '175 Patent, Claims 1 and 8; and '086 Patent, Claim 40)

- Either AAON, Governair Carolinas Medical Center Installation, Governair Computer Associates Installation, Temtrol DHS Computer Room Installation, or Cleanpak in combination with Greenheck's Sound Trap Housing (asserted against the '442 Patent, Claim 26; '251 Patent, Claim 8; and '365 Patent, Claim 15)

- Either AAON, Governair Carolinas Medical Center Installation, Governair Computer Associates Installation, Temtrol DHS Computer Room Installation, or Cleanpak in combination with U.S. Patent No. 4,508,486 issued to Charles Tinker in April 1986 ("the '486 Patent") (asserted against the '442 Patent, Claim 26; '251 Patent, Claim 8; and '365 Patent, Claim 15)

- Energy Labs, Inc. Installations in combination with either Greenheck's Sound Trap Housing or the '486 Patent (asserted against the '251 Patent, Claim 8; and '365 Patent, Claim 15)

- AAON in combination with Cleanpak (asserted against the '175 Patent, Claims 1 and 8)

- AAON in combination with Temtrol DHS Computer Room Installation (asserted against the '283 Patent, Claim 29)

- Governair Carolinas Medical Center Installation in combination with Cleanpak (asserted against the '442 Patent, Claim 26; '365 Patent, Claim 15; '283 Patent, Claim 29; and '175 Patent, Claim 8)

- Governair Carolinas Medical Center Installation in combination with PACE (asserted against the '365 Patent, Claim 16; '283 Patent, Claim 29; and '175 Patent, Claim 8)

- Temtrol DHS Computer Room Installation in combination with Cleanpak (asserted against the '442 Patent, Claim 26; and '175 Patent, Claims 1 and 8)

- Governair Computer Associates Installation in combination with the '486 Patent (asserted against the '365 Patent, Claim 15; and '283 Patent, Claim 29)

(collectively the "Asserted Invalidity References").   Nortek disputes each of Defendants' counterclaims and denies that the claims of the Nortek Patents are anticipated or obvious.  (Dkt. No. 57).  Nortek also disputes that Defendants can rely upon all of the Asserted Invalidity References. Finally, Defendants assert equitable defenses to Nortek's claims of infringement, including:

- <u>Laches</u>: Defendants assert that Plaintiff's recovery of damages for any alleged infringement is barred under the doctrine of laches, as Plaintiff delayed bringing suit, the delay was unreasonable and inexcusable, and Plaintiff's unreasonable delay caused Defendants material prejudice.

- <u>Waiver</u>: Defendants additionally assert that Plaintiff's conduct amounted to a knowing relinquishment of its patent rights, or was otherwise so inconsistent with an intent to enforce its rights, so as to induce Defendants to reasonably believe that Plaintiff had relinquished any potential right to exclude Defendants from use of any subject matter claimed by the Nortek Patents.

- <u>Equitable Estoppel</u>: Finally, Defendants assert that Plaintiff's conduct was misleading, that this misleading conduct led Defendants to a reasonable belief that Plaintiff did not intend to and would not assert any patent rights, and that Defendants relied upon Plaintiff's conduct to their material prejudice.

Nortek disputes these defenses.

## C.    Relief Sought

As set forth in Nortek's First Amended Complaint and Nortek's Rule 26(a)(1) disclosures, Nortek is seeking monetary and equitable relief.  Nortek's damages expert has calculated both price erosion and reasonable royalty damages arising from Defendants' alleged infringement of Nortek's patents.  Nortek also is seeking an accounting of past damages along with pre-judgment and post-judgment interest.  Nortek also is seeking permanent injunctive relief to stop any future infringement. To the extent that injunctive relief is not available, Nortek is seeking an ongoing royalty for such future infringement.  Nortek's First Amended Complaint identifies the following points of relief:

- entry of judgment that Defendants have infringed, induced others to infringe, and/or contributorily infringed the Nortek Patents,

- a permanent injunction to stop Defendants and their officers, agents, servants, employees, and attorneys, and others who are in active concert with any of the foregoing, from further infringement of the Nortek Patents,

- an award of damages pursuant to 35 U.S.C. § 284,

- an accounting of damages from Defendants' infringement

- an award of enhanced damages, up to and including trebling Nortek's damages due to willful infringement of the Nortek Patents,

- an award of Nortek's costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case,

- any further relief that the Court may deem proper and just.

Defendants deny that they have infringed or are infringing the Nortek patents, and further dispute each of the reliefs sought by Plaintiff above including that Nortek is entitled to any monetary or injunctive relief.   As set forth in Defendants' Answer to Plaintiff's First Amended Complaint, Defendant respectfully requests entry of judgment in their favor and against Plaintiff as follows:

- Dismissing Plaintiff's entire Complaint with prejudice, and denying Plaintiff any relief;

- Declaring that the claims of the '442 Patent, '251 Patent, '365 Patent, '283 Patent, '175 Patent, and '086 Patent are invalid;

- Declaring that Defendants, and each one of them, have not infringed any claims of the '442 Patent, '251 Patent, '365 Patent, '283 Patent, '175 Patent, and '086 Patent;

- Permanently enjoining Plaintiff, its successors, affiliates, agents, and assigns from asserting against Defendants, and each one of them, any claim of patent infringement with respect to the '442 Patent, '251 Patent, '365 Patent, '283 Patent, '175 Patent, and '086 Patent;

- Entering judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding each of the Defendants its respective costs and attorneys' fees; and

- Awarding Defendants such other and further relief as the Court deems just and proper.

To the extent there is a finding of infringement, Defendants' expert on damages provides an opinion that Plaintiff's relief would not, in any circumstances, exceed the cost of implementing non-infringing designs that were available at least as of the eve of Defendants' infringement.  Defendants'

1    damages expert also provides a reasonable royalty adequate to compensate Plaintiff for alleged
2    infringement, and describes why lost profits are not recoverable.  Defendants' position is also that
3    Defendants suffered prejudice as a result of Plaintiff's (1) delay in bringing suit, and (2) misleading
4    conduct indicating it would not enforce its patents.  Further, pre-suit damages are not recoverable by
5    Plaintiff without a showing that Defendants received notice of all asserted patents.

6            **D.    Federal Jurisdiction and Venue**

7            This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and
8    1338(a).  Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.   Jurisdiction and venue are not
9    disputed.

10   **II.    FACTUAL BASIS OF THE ACTION**

11           **A.    Undisputed Facts**

12                   1.      Plaintiff Nortek Air Solutions LLC ("Nortek") is a limited liability company
13                           organized and existing under the laws of Delaware, with its headquarters and
14                           principal place of business at 13200 Pioneer Trail, Suite 150, Eden Prairie,
15                           Minnesota 55347-4125.   Nortek offers custom heating, ventilation, and air
16                           conditioning ("HVAC") products in North America for commercial, industrial,
17                           and institutional indoor environments.   Nortek was formerly known as CES
18                           Group, LLC, and became Nortek in February 2015.   Nortek's brands have
19                           included or currently include Huntair, Mammoth, Governair, Temtrol, Venmar
20                           CES, Ventrol Air Handling System, Eaton Williams Group, and Webco, each of
21                           which has operated or currently operates as a brand under Nortek.

22                   2.      Defendant Energy Labs Inc. is a corporation organized and existing under the
23                           laws California, with its principal place of business at 9651 Airway Road, San
24                           Diego, California 92154.

25                   3.      Defendant DMG Corporation is a corporation organized and existing under the
26                           laws of California, with its principal place of business at 1110 W. Taft Ave.,
27                           Suite A, Orange, California 92865.

28

1    4.    Defendant DMG North, Inc. is a corporation organized and existing under the

2          laws of California, with its principal place of business at 4795 Heyer Avenue,

3          Castro Valley, CA 94546.

4    5.    Energy Labs' 2014 and 2015 contribution margins on its air handling units, as

5          set forth in Paragraph 1 of the Stipulation by the Parties Regarding Discovery

6          Dispute Joint Report No. 7.  *See* Dkt. No. 164-4.

7    6.    Energy Labs' historical contribution margins on its air handling units, as set

8          forth in Paragraph 2 of the Stipulation by the Parties Regarding Discovery

9          Dispute Joint Report No. 7.  *See* Dkt. No. 164-4.

10   **B.**   **Disputed Facts**

11        Infringement and Damages

12   1.    Whether Defendants directly infringe or have directly infringed one or more of

13         the asserted claims of the Nortek Patents, specifically claims 16 and 26 of the

14         '442 patent, claim 8 of the '251 patent, claim 15 of the '365 patent, claim 29 of

15         the '283 patent, claims 1 and 8 of the '175 patent, and claim 40 of the '086

16         patent ("the asserted claims of the Nortek Patents").

17   2.    Whether Defendants induce or have induced infringement of one or more of the

18         asserted claims of the Nortek Patents.

19   3.    Whether Defendants contribute or have contributed to infringement of one or

20         more of the asserted claims of the Nortek Patents.

21   4.    Whether Defendants have willfully infringed one or more of the asserted claims

22         of the Nortek Patents.[1]

23   5.    If one or more of the accused air-handling units is found to infringe an asserted,

24         valid, and enforceable claim of the Nortek Patents, the amount adequate to

25

26   [1]    It is Defendants' position that under the Supreme Court's decision in *Halo*, 579 U.S. ___ 2016 WL 3221515 (2016), enhancement of damages for egregious infringement is left to the sole discretion of the Court.  2016 WL 3221515, at *8, 10-11.  Evidence and argument regarding any such egregious infringement is not appropriately a disputed fact for presentation to the jury.  It is Nortek's position that *Halo* did not disturb the principle that willfulness is a question of fact for the jury and that whether to award enhanced damages based on the jury's finding of willfulness is for the Court.

27

28

compensate Nortek for Defendants' infringement of the asserted, valid, and enforceable claims of the Nortek patents, including whether, or at what point, Defendants were notified of each of the asserted Nortek Patents.

6.    Whether acceptable non-infringing alternatives to the Nortek Patents are and were available as of the eve of Defendants' alleged infringement.

7.    If acceptable non-infringing alternatives were available, the amount it would have cost Defendants to implement or deploy non-infringing alternatives at the time of the hypothetical negotiation.

<u>Invalidity</u>

8.    Whether the asserted claims of the '442 patent are invalid as anticipated by the the Asserted Invalidity References.

9.    Whether the asserted claims of the '442 patent are invalid as obvious in view of the Asserted Invalidity References.

10.    Whether the asserted claim of the '251 patent is invalid as anticipated by the the Asserted Invalidity References.

11.    Whether the asserted claim of the '251 patent is invalid as obvious in view of the Asserted Invalidity References.

12.    Whether the asserted claim of the '365 patent is invalid as anticipated by the the Asserted Invalidity References.

13.    Whether the asserted claim of the '365 patent is invalid as obvious in view of the Asserted Invalidity References.

14.    Whether the asserted claim of the '283 patent is invalid as anticipated by the Asserted Invalidity References.

15.    Whether the asserted claim of the '283 patent is invalid as obvious in view of the Asserted Invalidity References.

16.    Whether the asserted claims of the '175 patent are invalid as anticipated by the the Asserted Invalidity References.

17. Whether the asserted claims of the '175 patent are invalid as obvious in view of the Asserted Invalidity References.

18. Whether the asserted claim of the '086 patent is invalid as anticipated by the the Asserted Invalidity References.

19. Whether the asserted claim of the '086 patent is invalid as obvious in view of the Asserted Invalidity References.

Equitable Defenses[2]

20. Whether Plaintiff delayed in asserting the Nortek Patents and, if so, whether such delay was unreasonable and inexcusable, and whether Defendants suffered a material prejudice as a result of Plaintiff's delay.

21. Whether Plaintiff's conduct amounted to a knowing relinquishment of its patent rights or otherwise induced a reasonable belief in Defendants that any such rights had been relinquished.

22. Whether Plaintiff's conduct was misleading, whether this misleading conduct led Defendants to a reasonable belief that Plaintiff did not intend to assert any patent rights, and whether Defendants relied upon and suffered material prejudice as a result of their reliance on Plaintiff's conduct.

## III.   DISPUTED LEGAL ISSUES

Infringement and Damages

1. Whether Defendants have directly infringed and/or continue to directly infringe any of the asserted claims of the Nortek Patents under 35 U.S.C. § 271(a).

2. Whether Defendants have induced and/or continue to induce others to infringe any of the asserted claims of the Nortek Patents under 35 U.S.C. § 271(b).

---

[2]    Defendants' position is that while some of the issues presented by Defendants' equitable defenses can be submitted to the jury for factual and/or advisory findings, the ultimate resolution of the issue is one vested with the Court.  Nortek contends that these defenses, which sound in equity, should not be presented to the jury.

3.      Whether Defendants have contributorily infringed and/or continue to contributorily infringe any of the asserted claims of the Nortek Patents under 35 U.S.C. § 271(c).

4.      Whether Nortek is entitled to a judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Nortek its costs, enhanced damages, and reasonable attorneys' fees. (This is not an issue for the jury trial, but rather noted here as a post-trial issue to be decided by the Court.)

5.      Whether Nortek is entitled to a permanent injunction pursuant to 35 U.S.C. § 283 for Defendants' infringement.  (This is not an issue for the jury trial, but rather noted here as a post-trial issue to be decided by the Court.)

6.      Whether, in the event the Court determines that a permanent injunction is not available, Nortek is entitled to an ongoing royalty for Defendants' future infringement.  (This is not an issue for the jury trial, but rather noted here as a post-trial issue to be decided by the Court.)

Invalidity

7.      Whether each of the asserted claims of the '442 Patent are invalid under 35 U.S.C. §§ 102 (a)-(g) and/or 103.

8.      Whether each of the asserted claims of the '251 Patent are invalid under 35 U.S.C. §§ 102 (a)-(g) and/or 103.

9.      Whether each of the asserted claims of the '365 Patent are invalid under 35 U.S.C. §§ 102 (a)-(g) and/or 103.

10.     Whether each of the asserted claims of the '283 Patent are invalid under 35 U.S.C. §§ 102 (a)-(g) and/or 103.

11.     Whether each of the asserted claims of the '175 Patent are invalid under 35 U.S.C. §§ 102 (a)-(g) and/or 103.

12.     Whether each of the asserted claims of the '086 Patent are invalid under 35 U.S.C. §§ 102 (a)-(g) and/or 103.

13.  Whether Claims 8 of the '251 Patent; 15 of the '365 Patent; 1 and 8 of the '175 Patent; 29 of the '283 Patent; and 40 of the '086 Patent are invalid under 35 U.S.C. § 112 for lack adequate written description in the specification.

14.  Whether Claims 8 of the '251 Patent; 15 of the '365 Patent; 1 and 8 of the '175 Patent; 29 of the '283 Patent; and 40 of the '086 Patent lack are invalid for lack of enablement under 35 U.S.C. § 112.

15.  Whether Claims 8 of the '251 Patent; 15 of the '365 Patent; 1 and 8 of the '175 Patent; 29 of the '283 Patent; and 40 of the '086 Patent are invalid for indefiniteness under 35 U.S.C. § 112.

16.  Whether claims 26 of the '442 Patent; 15 of the '365 Patent; or 8 of the '251 Patent are entitled to an effective filing date before March 22, 2004 (the filing date of Application No. 10/806,775, through which the patents claim priority). 35 U.S.C. §§ 119(e), 120.

17.  Whether claims 15 of the '365 Patent; or 1 and 8 of the '175 Patent are entitled to an effective filing date before March 31, 2005 (the filing date of Application No. 13/546,108, through which the patents claim priority).  35 U.S.C. §§ 119(e), 120.

Equitable Defenses

18.  Whether Plaintiff's claims of infringement of the Nortek Patent are barred by the doctrine of laches.  *See A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992); *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 087 F.3d 1311, 1317 (Fed. Cir. 2015), *cert granted*, No. 15-927, 2016 WL 309607 (2016).

19.  Whether Plaintiff's claims of infringement of the Nortek Patents are barred by the doctrine of waiver.  *See, e.g., Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011).

20.     Whether Plaintiff's claims for infringement of the Nortek Patents is barred by the doctrine of equitable estoppel.  *See A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028, 1042 (Fed. Cir. 1992).

Defendants' Claims For Relief

21.     Whether Defendants are entitled to an Order dismissing Plaintiff's First Amended Complaint with prejudice and entering judgment in favor of Defendants.

22.     Whether Defendants are entitled to an injunction enjoining Plaintiff from asserting the Nortek Patents against Defendants.  (This is not an issue for the jury trial, but rather noted here as a post-trial issue to be decided by the Court.)

23.      Whether this is an exceptional case under 35 U.S.C. § 285 which justifies the award of Defendants' fees, expenses, costs, and reasonable attorneys' fees. (This is not an issue for the jury trial, but rather noted here as a post-trial issue to be decided by the Court.)

## IV.     ESTIMATED TRIAL TIME

### Nortek's Statement

Nortek anticipates that the trial will take 10 trial days (excluding jury selection, openings, and closings) based on a jury trial with six patents-in-suit and numerous accused products.   Nortek proposes that jury trial include all issues except equitable issues, such as Nortek's request for injunctive relief.

### Defendants' Statement

In light of the number of claims Plaintiff currently asserts and the number of witnesses it intends to call, Defendants do not currently oppose Plaintiff's request for 10 days.

## V.     TRIAL ALTERNATIVES AND OPTIONS

### A.     Settlement Discussion

Pursuant to ADR L.R. 3-5 and 3-4(b), the Parties stipulated on November 28, 2014, to conduct a private mediation through JAMS or AAA.   Dkt. No. 36.   The Parties participated in a JAMS mediation before the Honorable Eugene F. Lynch (Ret.) on July 21, 2015, but were unable to reach a

resolution.  Since that time, the parties (including principals) have engaged in settlement discussions and meetings, including on June 20, 2016, but have not been able to reach resolution as of this date. The parties expect to continue their discussions, but Nortek is not optimistic that settlement will be achieved based on the extent of disagreement between the parties.  Defendants believe that further mediation will be productive, and the parties have agreed to a one-day non-binding mediation, subject to mediator and party availability.

### B.     Amendments or Dismissals

No party is currently proposing amendments to its currently operative pleadings.  No party is currently proposing dismissals of any parties, claims, counterclaims, defenses, or counterclaim defenses.

### C.     Bifurcation or Separate Trial of Issues

#### 1.     Injunctive Relief and Ongoing Royalty

The parties agree that Nortek's request for injunctive relief be bifurcated and tried separately before the Court if the jury finds that any of the Defendants have infringed any of the valid, enforceable claims of the Nortek Patents. Courts may bifurcate and order separate trials for issues and claims "[f]or convenience, to avoid prejudice, or to expedite and economize[.]"  Fed.R.Civ.P. 42(b). Injunctive relief is not a jury issue, and may be granted only in accordance with the principles of equity.  *See* 35 U.S.C. § 283; *see also eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006). Based on this, following conclusion of the jury trial, if there is a finding of infringement of any of the asserted claims of the Nortek Patents, the parties request that the Court allow the parties to present briefing and argument relating to Nortek's request for a permanent injunction and ongoing royalty, that this be done based on evidence that will be presented to the Court in a post-trial hearing, and in such post-trial hearing, the parties will not be limited to evidence presented at the jury trial.

#### 2.     Equitable Defenses

**Defendants' Position**

The Defendants propose that their equitable defenses, including laches, waiver, and equitable estoppel, be presented for advisory jury verdicts regarding underlying questions of fact and addressed

1   in briefing following the jury trial.  Fed. R. Civ. P. 39(c)(1).  An advisory verdict on underlying factual

2   issues followed by a bifurcated bench trial on Defendants' equitable defenses will streamline the

3   evidence presented, lessen any burden on witnesses by potentially eliminating the need to call them to

4   testify a second time, and potentially eliminate the need for resolution of the defenses entirely if the

5   Accused AHUs are not found to infringe.  Fed.R.Civ.P. 42(b).  Defendants propose that these equitable

6   defenses be addressed in briefing following the jury trial, including the presentation of additional

7   evidence and argument as needed by the Court.

8           **Nortek's Position**

9           Nortek agrees with Defendants that Defendants' equitable defenses should be addressed in a

10   bifurcated bench trial following the jury trial, pursuant to Federal Rule of Civil Procedure 42 ("Rule

11   42") and the Court's practice.  However, Nortek objects to Defendants' request for "advisory jury

12   verdicts regarding the underlying questions of fact."  In *Finisar Corp. v. Nistica, Inc.*, this Court did

13   not indicate a need for jury advisory verdicts regarding equitable defenses but simply scheduled a

14   shorter bifurcated bench trial and requested separate trial briefs prior to the bench trial.  Likewise, there

15   is no reason for advisory jury verdicts here.  To burden the jury with the task of providing advisory

16   verdicts on issues that the jury will **not** be deciding will likely only confuse the jury, conflate the

17   issues, cause undue prejudice to Nortek, and waste the parties' and the Court's time.  The prejudice to

18   Nortek is especially acute, given that Nortek will carry the burden of proof on the infringement claims

19   during the jury trial phase.  Therefore, Nortek requests that Defendants' equitable defenses be

20   bifurcated and that, rather than the Court relying on advisory jury verdicts during the second phase,

21   both parties have the opportunity to present argument and evidence on these equitable defenses,

22   subject to the Court's time limitations.  Nortek has no objection to reasonable briefing on the equitable

23   defenses following the jury trial, as needed by the Court.

24           3.      **Willfulness**

25           **Defendants' Position**

26           Following the Supreme Court's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. ___,

27   2016 WL 3221515 (2016), which clarified there is no separate claim for willful infringement set forth

28

---

**[PROPOSED] JOINT PRETRIAL STATEMENT**        14        **CASE NO.: 5:14-CV-02919-BLF**
**AND ORDER**

1   under § 284 and that the enhancement of damages is left to the judge, evidence and argument regarding

2   any alleged egregious sufficient to justify an enhancement is not appropriately presented to a jury and

3   would be unduly prejudicial.   2016 WL 3221515, at *8, 10-11.   Further, presentation of evidence

4   regarding any alleged egregious conduct would complicate the issues presented at trial, and is moot

5   unless the jury returns a verdict of infringement.   In such situations, this Court is empowered to

6   bifurcate trial on issues in order to avoid prejudice and to serve the interests of efficiency and judicial

7   economy.   Fed. R. Civ. P. 42(b).   Defendants propose that, should the jury return a verdict of

8   infringement of one or more claims of the Asserted Patents by one or more Accused AHUs, the parties

9   address the issue of willful infringement in briefing following the jury verdict, including presentation

10  of evidence and argument as requested by the Court.

11          **Nortek's Position**

12          Nortek does not believe that bifurcation of willful infringement is necessary or

13  appropriate.  Nothing in the Supreme Court's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc*., 579

14  U.S. ___, 2016 WL 3221515 (2016), the only case cited by Defendants, indicates that willfulness is no

15  longer a jury issue.   *Halo* did not disrupt settled law that juries make willfulness findings.   Rather,

16  *Halo* focused on awards of enhanced damages *after* a finding of willfulness has been

17  reached.  Notably, even after *Halo* was decided, this Court agreed to instruct the jury on willfulness.

18  *See Finisar Corp. v. Nistica, Inc.*  No. 5:13-cv-03345-BLF (June 15, 2016) (Dkt. Nos. 645–47).[3]

19          Defendants also claim that presenting willfulness to a jury in this case would be inappropriate

20  and unduly prejudicial or confuse the jury without providing any explanation.   Nortek's position is that

21  bifurcating willfulness would actually create judicial inefficiencies by requiring a **separate**

22  presentation of evidence and argument that is likely inextricably linked to other claims and defenses

23

24  _____

[3]     The Docket Events identified by Nortek in *Finisar* do not include an order by the Court to
25  instruct the jury on willfulness.  Document 645 is docketed as "Proposed Jury Instructions by Nistica,
    Inc"; Document 646 is docketed as "Proposed Jury Instructions by Finisar Corporation"; and
26  Document 647 is docketed as "Proposed Form of Verdict by Finisar Corporation."  *See Finisar Corp.*
    *v. Nistica, Inc.*  No. 5:13-cv-03345-BLF, Dkt. Nos. 645-47 (June 15, 2016); *and see id.*, Dkt. No. 645-
27  2, at 6 n.1 (Nistica objection to instruction on willfulness under *Halo*).  While this issue may have been
    specifically heard and addressed by the Court during the current jury trial, that information is not
28  publicly available to Defendants.  Counsel for Plaintiff has been unable to provide any additional
    information to Defendants on how the issue was resolved.

that will be presented to the jury, such as indirect infringement.  Indeed, other courts in this district have declined to bifurcate willfulness on similar facts and facing the same arguments. *See Mformation Techs., Inc. v. Research in Motion, Ltd.*, No. C 08-04990 JW, 2012 WL 1142537, at *7–8 (N.D. Cal. Mar. 29, 2012); *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 100–102 (N.D. Cal. 1992).

### D.  Appendices to Pretrial Order

The following Appendices are attached hereto:

| Appendix A | Nortek's Witness List[4] |
|---|---|
| Appendix B | Defendants' Witness List |
| Appendix C-1 | Joint Exhibit List |
| Appendix C-2 | Nortek's Exhibit List and Defendants' Objections Thereto |
| Appendix C-3 | Defendants' Exhibit List and Nortek's Objections Thereto |
| Appendix D | Nortek's List Of Discovery Response Excerpts, Deposition Designations, and Defendants' Objections Thereto |
| Appendix E | Defendants' List Of Discovery Response Excerpts, Deposition Designations, and Nortek's Objections Thereto |

## VI.  STIPULATIONS

The parties agree to work together in an effort to reduce objections, including the objections to exhibits and deposition testimony found in this Pretrial Statement.

A.  In order to expedite the presentation of evidence at trial, the parties are meeting and conferring regarding stipulations that will expedite the presentation of evidence.  Prior to trial, the parties will likely submit to the Court at least one stipulation pursuant to Section (C)(7) of the Court's standing order.

---

[4] Due to the size of the expert reports exchanged in this case, the parties jointly propose that the reports for expert witnesses identified in the parties' witness lists be provided to the Court electronically via USB drive, which will be delivered with the Court's chambers copy of this Joint Pretrial Statement and Order.  Should the Court wish for the reports to be provided by different means, the parties are happy to do so.

1         B.      The parties continue to meet and confer regarding a stipulation as to other undisputed

2  facts, which would supplement the facts listed in Section II(A) of this statement.

3         C.      By stipulation on February 26, 2016, the parties agreed that Energy Labs had

4  represented and would not dispute for any purpose in the case, including appeal, Energy Labs' 2014

5  and 2015 contribution margins on its air-handling units as stated in the stipulation.  *See* Dkt. No. 164-

6  4, at ¶1.  Through that stipulation, Energy Labs also represented and agreed not to dispute for any

7  purpose in this case its historical contribution margins on air-handling units as stated in the stipulation.

8  *See id.* at ¶2.  The parties agree that, pursuant to the stipulation, these figures will not be disputed at

9  trial.

10  **VII.    BINDING EFFECT OF THE JOINT PRETRIAL STATEMENT AND ORDER**

11         *The foregoing admissions having been made by the parties, and the parties having specified the*

12  *foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings*

13  *and govern the course of trial in this action, unless modified to prevent manifest injustice.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   DATED:  June 22, 2016                    Respectfully submitted,

3                                            WEIL, GOTSHAL & MANGES LLP

4                                            By: */s/ Jared Bobrow*_____

5                                                Jared Bobrow

6                                            Attorneys for Plaintiff and Counterclaim-Defendant
                                             NORTEK AIR SOLUTIONS, LLC
7

8

9                                            KIRKLAND & ELLIS LLP

10                                           By:  */s/ Adam R. Alper*_____

11                                                Adam R. Alper

12                                           Attorneys for Defendants ENERGY LABS, INC.,
                                             DMG CORPORATION, AND DMG NORTH, INC.
13

14

15

16  **IT IS SO ORDERED.**

17

18  Dated: August 4, 2016               _____

19                                           BETH LABSON FREEMAN
                                             United States District Judge
20

21

22

23

24

25

26

27

28

1
2

## ATTESTATION REGARDING SIGNATURES

3
4
5

I, Jared Bobrow, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

6
7

Dated:  June 22, 2016                                        By:  _/s/ Jared Bobrow_____
                                                                          Jared Bobrow

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28